## BARNETT v. CITY OF ATLANTA.

A prosecution for the violation of a municipal ordinance punishable by fine or imprisonment is a criminal case within the meaning of the statute requiring that, "in all criminal cases, the bill of exceptions shall be tendered and signed within twenty days from the rendition of the decision."

Argued October 5, — Decided November 1, 1899.

Bill of exceptions.   Practice in the Supreme Court.

*Samuel N. Evins*, for plaintiff in error.
*J. A. Anderson* and *J. T. Pendleton*, contra.

FISH, J.   Samuel Barnett, an attorney of the Atlanta bar, was summoned before the recorder's court of that city to answer to the charge of "doing business as a money-lender and negotiating loans on real estate for commissions, without registering and paying registration tax on such business in the City of Atlanta."   Barnett contended before the recorder that the City of Atlanta had no authority to tax an attorney at law, either as license fee or otherwise.   The recorder adjudged him guilty and imposed a fine of $100, with an alternative sentence of thirty days confinement in the city stockade.   Barnett excepted to this judgment and took the case by certiorari to the superior court, where the certiorari was overruled.   By writ of error he brought to this court for review the judgment overruling his certiorari.   According to instructions previously given by the court in similar cases, the clerk of the Supreme Court entered the case on the criminal docket.   Upon the call of the case in its order, counsel for plaintiff in error moved to have it transferred to the civil docket, upon the ground that it was a civil case.   Counsel for defendant in error contended that it was a criminal case, and moved to dismiss it because the bill of exceptions was not tendered and certified within the time required by law.   It appeared from a note to the judge's certificate that the term of the court during which he rendered the judgment overruling the certiorari adjourned on January 28.   The bill of exceptions was tendered to and signed by him March 6.   He certified that he left the city February 5, and returned March 3.   The question here pre-

sented for our decision is, whether the prosecution for a violation of a municipal ordinance punishable by fine or imprisonment is such a criminal case as that a bill of exceptions therein, in which the accused complains of a judgment overruling his certiorari, shall be tendered and certified within twenty days from the rendition of such judgment.

In *Cranston* v. *Augusta*, 61 *Ga.* 572, it appeared that Cranston, who was charged with the violation of a municipal ordinance, was acquitted in the recorder's court. Upon certiorari by the city, the decision of the recorder was reversed by the judge of the superior court, and direction given that Cranston be punished in accordance with the ordinance of the city which he was charged with having violated. To this ruling he excepted, and the judgment of the superior court was reversed; this court holding that, as the power of a municipal corporation to exercise police jurisdiction is a power delegated by the State, the corporation as a party to a criminal proceeding stands in the place of the State, and inasmuch as the State can not have a writ of certiorari or a writ of error to revise a judgment of discharge by its courts, it follows that a corporation can not have a writ of certiorari to revise a similar judgment rendered by the corporation court on final trial of the accused. In *Mayor etc. of Hawkinsville* v. *Ethridge*, 96 *Ga.* 326, Ethridge was convicted before the police court for the violation of an ordinance. He took the case by certiorari to the superior court, where a motion in behalf of the corporation to dismiss the certiorari was overruled. To the judgment overruling the motion to dismiss the mayor etc. excepted. This court held that the municipality could not prosecute the writ of error, and dismissed the same. Atkinson, J., in delivering the opinion, said: "Towns and cities, in the administration of those functions pertaining to the police department, which by their charters are conferred upon them, represent, in a qualified sense, the sovereignty of the State;" and "The code provides, in express terms, that either party in a civil case, and the defendant in a criminal proceeding, in the superior court of this State, may except to any sentence, judgment or decree. The right of exception is limited to the defendant in criminal cases. This court

can only review the judgment of the lower court by a bill of exceptions; and inasmuch as no provision is made by the law by means of which the State can present and have transmitted here a bill of exceptions in a criminal cause, if there were no other legal or constitutional impediment to the reversal of a judgment rendered in favor of the defendant in the court below, this one difficulty is insurmountable."

In *Mohrman* v. *Augusta*, 103 *Ga.* 841, where one was convicted in a police court for the violation of a municipal ordinance, and carried his case by certiorari to the superior court, the case was recognized as being in its nature a criminal proceeding. In *Mayor etc. of Macon* v. *Wood*, ante, 149, the facts were similar to those in *Ethridge's* case, supra, and the court held that "The decision of the superior court on certiorari, reversing the judgment of a municipal court convicting one of a violation of a municipal ordinance, is not subject to review by this court." Again, in *Phillips* v. *Stone Mountain*, 61 *Ga.* 386, it appears that Phillips and other liquor-dealers doing business in the town of Stone Mountain filed their bill against the municipal authorities, praying that they be restrained from trying, convicting, and fining them for a violation of the provisions of an ordinance which the complainants alleged to be void. The injunction was denied, and complainants excepted. This court held that the injunction was properly refused. In the opinion rendered Bleckley, J., said: "Injunctions or orders in the nature of injunctions are not granted by courts of equity to restrain proceedings in criminal matters. . . Chancery takes no part in the administration of criminal law. It neither aids the criminal courts in the exercise of jurisdiction nor restrains or obstructs them." This case was followed in *Garrison* v. *Atlanta*, 68 *Ga.* 64, and in *Paulk* v. *Sycamore*, 104 *Ga.* 24, in each of which it was sought to enjoin the enforcement of a municipal ordinance; and this court held that injunction will not be granted to restrain a criminal proceeding. The statute in reference to the time within which bills of exceptions shall be tendered and certified provides for only two general classes of cases, civil and criminal. Prosecutions in police courts for violations of municipal ordinances punishable by fine or im-

prisonment must, as to the provisions of such statute, be assigned to the one or the other of these classes; and, according to the rulings above cited, we think they must be classified as criminal cases. They certainly partake more of the nature of criminal than of civil cases. A municipal ordinance is a law for the protection of the public in a qualified sense, it being designed for the protection of the municipality; and while a civil statute of a State is enacted for the protection of the whole State, the punishment for the infraction of the ordinance, as well as of the statute, is for the violation of a public law. If the State itself, directly, should make the act an offense and prescribe the punishment, there could be no question that the act would be a crime, and the prosecution of it a criminal case. How can it make any difference in principle whether the State does this itself, or delegates the power to the municipality to enact the law and inflict the penalty for its violation? Moreover, if the violation of a municipal ordinance punishable by imprisonment is not a crime, then under the provisions of the constitutions of the United States and of this State, forbidding involuntary servitude except as a punishment for crime, one convicted for such violation could not be required to labor upon the public works of the corporation during the term of his imprisonment, and municipalities would be deprived of what has been from time immemorial their most efficient and salutary means of preserving order and enforcing obedience to their ordinances. See State v. West, 42 Minn. 147.

Counsel for plaintiff in error cited the cases of *Williams* v. *Augusta*, 4 *Ga.* 509, and *Floyd* v. *Eatonton*, 14 *Ga.* 354. While there may be some expressions in the opinions in those cases which upon a cursory reading may not seem to be in entire harmony with the ruling herein announced, yet upon a careful examination of those decisions it will be seen that they are not in conflict with what we now hold. What was really decided there was, that the term "criminal cases," as used in that clause of the constitution of 1798 giving to the superior court exclusive jurisdiction in all criminal cases except as therein provided, had reference to violations of the public laws of the State, and not to the infraction of municipal ordi-

nances; and that the declaration in that constitution that "Trial by jury, as heretofore used in this State, shall remain inviolate," did not apply to trials before police courts where pecuniary penalties were imposed. We may say further, in reference to the point ruled in the present case, that there is much reason for applying the rule for the speedy disposition of other criminal cases to prosecutions for the violation of municipal ordinances punishable by fine or imprisonment.

As the bill of exceptions was not presented to and signed by the judge within twenty days from the judgment overruling the certiorari of the accused, the writ of error must be dismissed.

*Writ of error dismissed.   All the Justices concurring.*