4544.   FANNING *v.* MAYOR AND COUNCIL OF
WASHINGTON.

4545.   FANNING *v.* MAYOR AND COUNCIL OF
WASHINGTON.

The evidence being insufficient to authorize a conviction of either of the accused, it was error to refuse to sanction their petitions for certiorari. DECIDED FEBRUARY 4, 1913.

Certiorari; from Wilkes superior court—Judge Walker. November 7, 1912.

*F. H. Colley,* for plaintiffs in error.   *W. A. Slaton,* contra.

POTTLE, J.  The accused were convicted in the mayor's court of the violation of an ordinance prohibiting the keeping of intoxicating liquors for the purpose of illegal sale, within the corporate limits of the city. The ordinance further provided that if any person should have upon his premises more than five gallons of intoxicating liquors at one time, he should be presumed to be keeping such liquors for illegal sale. It appears, from the evidence, that on August 17, 1912, the accused Carl Fanning and a witness for the city received from the Southern Express Company two packages, one containing two gallons of corn whisky in glass bottles or jugs of a gallon each, and one containing five dozen bottles of beer. The packages were placed in the house of the other accused, Ike Fanning. The beer had on it a label stating that it was the brand of lager beer known as "Magnolia beer," and that it contained not more than four per cent. alcohol. The package of beer was found by the city marshal in Ike Fanning's house. On the same date the premises of Carl Fanning were searched, but no intoxicating liquors were found there. The officer did find under the house eighteen jugs, some of which seemed to be two-gallon jugs. He also found eight or nine paper packages which were marked as

having contained whisky. They were addressed to Carl Fanning, but there was nothing to indicate the date on which the packages were received. Several witnesses for the accused testified that they were familiar with the brand of beer found in Ike Fanning's house, and that it was not intoxicating. One of the witnesses testified that on August 15 he and Carl Fanning ordered the whisky and the beer which was found in Ike Fanning's house on August 17; that they paid $8.50, each contributing $4.25, and each was to have one gallon of whisky and two and a half dozen bottles of beer. This is the substance of all the evidence in the case. The point is made in the petitions for certiorari and argued in the brief of counsel for plaintiffs in error, that the municipal authorities of the city of Washington could not, under the "general welfare clause" in its charter, lawfully pass an ordinance providing that possession of as much as five gallons of intoxicating liquor at one time should be presumptive evidence that it was kept on hand for the purpose of illegal sale. In view of the fact, however, that the record does not disclose that this attack upon the ordinance was made in the municipal court, this point can not be determined; because the judge of the superior court upon certiorari could determine only such questions as were made and passed upon in the inferior judicatory. *Sutton* v. *Washington*, 4 *Ga. App.* 30 (60 S. E. 811).

But, even treating this ordinance as valid, we do not think the evidence was sufficient to authorize the conviction. It may be that the witnesses for the accused testified falsely, but neither the mayor nor the judge of the superior court had the right to arbitrarily assume that they did so testify, in the absence of some competent evidence. The undisputed evidence shows that the beer was not intoxicating. The fact that there was a statement on the label that the beer contained "not more than four per cent. alcohol" was not sufficient to rebut the positive and uncontradicted evidence that the beer was not intoxicating. In addition to this, the evidence is also undisputed that both the whisky and the beer were ordered by Carl Fanning and another person for their own use. The mere possession of two gallons of corn whisky was not sufficient to justify the inference that the accused had the whisky for the purpose of illegal sale. No intoxicating liquor was found on the premises of Carl Fanning, and his conviction depends upon whether

or not he could be found guilty, either as a principal or as an accessory to keeping for illegal sale the whisky found in Ike Fanning's house. The evidence was insufficient to authorize the conviction of either of the accused, and their petitions for certiorari should have been sanctioned.

*Judgment in each case reversed.*