## 5238.  WRIGHT *v.* THE STATE.

1. While in misdemeanors all who participate in the criminal act, either as principal or as accessory, are equally guilty, still before one can be convicted as an accessory, it must appear that he participated in the criminal act, directly or indirectly, or in some way aided or abetted the commission of the crime. Mere passive acquiescence in the commission of a misdemeanor, without protest, does not amount to a crime.

2. A member of a bona fide social club which has paid the tax required

by law as a condition precedent to keeping on hand intoxicating liquors for the use of its members, and which dispenses such liquors in a manner prohibited by law, is not, by reason of his membership, guilty either of selling intoxicating liquors or of keeping them on hand at his place of business. A member of such a club would not be guilty of either offense unless it be shown that he participated in some way in the criminal act. Mere knowledge on his part that sales of liquor were being made, and his failure to object thereto, would not amount to a crime.

3. One employed by such a club as secretary and treasurer, and whose only duties are to collect the dues and fees from the members, keep the books, and look after correspondence for the club, and who does not in any other way participate in the illegal sale of intoxicating liquors by the club, is not guilty either of selling intoxicating liquors or of keeping them on hand at his place of business.

4. The method of distribution of liquor adopted by the Elks Club, as disclosed by the record in the present case, amounts to a sale of such liquors in violation of law. On this question the case is controlled by the decision of this court in *Deal* v. *State*, ante, 121 (80 S. E. 537).

DECIDED JANUARY 20, 1914.

Indictment for sale of liquor; from Bibb superior court—Judge Mathews. September 19, 1913.

*Roland Ellis, J. E. Hall, W. E. Martin, Bruce C. Jones, C. A. Glawson,* for plaintiff in error.

*B. J. Dasher, solicitor-general pro tem.,* contra.

POTTLE, J. The accused was convicted under an indictment in two counts, one charging the sale of intoxicating liquors, and the other charging him with keeping such liquors on hand at his place of business. It appears, from the testimony, that the accused was secretary and treasurer of the Elks Club, a fraternal and social organization located in the city of Macon. It further appears that the club had paid the State tax for the purpose of keeping intoxicating liquors on hand for the use of its members, and that the members were allowed to withdraw liquor from the common stock, either by the drink or in larger quantities, paying for the liquor, as it was withdrawn, the amount demanded by the club. The scheme of distribution adopted was similar to that pursued in the case of *Deal* v. *State*, ante, 121 (80 S. E. 537). Under the decision of this court in that case, the method of distribution of intoxicating liquors employed by the Elks Club in the city of Macon involved the elements of a sale and was in violation of law. This question was fully discussed in that case and need not be further considered.

The only remaining question is whether it was shown that the accused had such connection with the sale as to be subject to conviction either of selling the liquor or of keeping it on hand at his place of business. The accused was secretary and treasurer of the club, charged with the duty of collecting the dues and fees from the members, and of attending to the correspondence and such other clerical work as was necessary in the conduct of the club. There is no evidence that he purchased any liquor for the club, or that he ever sold any of the liquor to members; nor is there evidence that he was connected with any sale or aided or abetted a sale in any way. So far as appears from the evidence, he had nothing to do with the establishment of what is known as the "locker-club feature" of the institution. Nor, so far as appears, did he aid in putting the scheme in operation, or have any authority to discontinue it. In truth he occupied the same position as did any other member of the club who was not a party to the illegal act save in so far as mere membership in the club would amount to partitcipation in all of its transactions. In this respect the case differs substantially from that of *Deal* v. *State,* supra. There it appeared that Deal was the manager and in control of the scheme, and himself bought and supplied the intoxicating liquors for the use of the members. He, therefore, actively contributed to the enterprise and participated in the illegal scheme. In the present case the trial judge charged the jury as follows, "I charge you if it should appear in this case that Mr. Wright was a member of a club which sold liquor, intoxicating or spirituous liquors, at the time and within the time I have spoken about, and he remained a member of that club, with the knowledge that the club was dispensing at retail any liquor, whether to members or to any one else, for money paid, or for the equivalent of money, or anything of value, if he was a member of the club that dispensed liquor at retail, for a valuable consideration, with a knowledge that that was being done by the club, then he would be guilty of a violation of the law, and you could find him guilty under this first count, provided that appears to a reasonable and moral certainty and beyond a reasonable doubt,—first, that he was a member of such club, and, second, that such club dispenses at retail, for a valuable consideration, intoxicating malt, intoxicating alcoholic, or spirituous liquors." The court further instructed the jury as follows: "I charge you further that if the defendant was a member of a club that bought

and dispensed at retail in its club-room to its members, for a valuable consideration or for anything else, intoxicating and malt liquors, then that club-room, for that purpose, would become a place of business, and every member of that club with the knowledge of the fact that liquor was being kept in the club-room for the purpose of sale, or for any other purpose, knowing that it was being sold, every member of the club would be guilty under the second count, and this defendant could be found guilty under the second count of this indictment." We can not assent to the correctness of these instructions. If they are sound, then every member of a fraternal organization would, from the mere fact of membership, be guilty of every violation of law which the officers and governing authorities of the club permitted to take place in its rooms. The doctrine that in misdemeanors all are principals has never been carried to this extent. If it should be, then every member of the Elks Club would be guilty of gaming if the club permitted gaming in its rooms and the member knew of it, whether he took part in the game or not. The law requires active participation of some sort in the illegal act, or that something be done in furtherance of it, or to aid and abet its commission. Mere passive acquiescence in the commission of a crime does not amount to such participation in it as would itself be criminal. It may be, and doubtless is, the duty of every law-abiding member of a social organization to protest against the commission of any illegal act in the rooms owned or controlled by the organization, but, while this is a highly moral duty, the failure to perform it can not be held to be a violation of any penal statute. If the club dispenses intoxicating liquors to its members in violation of law, surely a mere bookkeeper or clerk employed by the club to keep its accounts and collect its fees and dues can not be convicted either of selling liquor or of keeping it on hand at his place of business, upon mere proof of his employment in that capacity. If he did not, directly or indirectly, participate in the sale, he would not be guilty of selling; and if he did not assist in the purchase of the liquors and aid the club in keeping them on hand, he could not be convicted of keeping intoxicating liquors on hand at his place of business. Besides, by express statutory permission, having paid the tax required by law, the club had the right to keep the liquor for the use of its members. *Union & Mechanics Club* v. *Atlanta,* 136 *Ga.* 721 (71 S. E. 721); *Teutonia Club* v. *Howard,* 141 *Ga.* 79 (80 S. E. 290).          *Judgment reversed.*