## 6119. Stephens *v.* City of Crawfordville.

Wade, J. 1. The defendant was tried under a municipal ordinance for the offense of keeping on hand, for the purpose of illegal sale, alcoholic, spirituous or malt liquors. The proof showed that the defendant voluntarily *gave* to a former boarder and friend a pint of liquor; that an officer, who arrested this person for drunkenness, soon thereafter went to the home of the defendant looking for liquor, and when the defendant ascertained what he was seeking, she, of her own motion, showed him two one-gallon bottles in an outhouse in the yard, one nearly full of rye whisky, and the other containing a small amount of corn whisky; that the officer also "found empty bottle" under a trap-door, and, while the officer was at the house of the defendant, "one white man and two colored men came in and went away," but the purpose of their coming or going is not disclosed. The evidence was wholly circumstantial and legally insufficient to exclude every reasonable hypothesis other than that of the guilt of the accused; and hence the judgment of guilty was unauthorized, and the judge of the superior court erred in overruling the certiorari. This court has heretofore held that "Mere possession of three gallons of corn whisky, in half-pint flasks kept in the owner's dwelling, without any evidence of a sale or an attempted sale on the part of the owner, is not such a circumstance as will authorize the conclusion, based upon moral and legal certainty, that such liquor was kept for the purpose of sale." *Fain* v. *Atlanta,* 8 *Ga. App.* 96 (68 S. E. 619). See also *Walker* v. *Dawson,* 7 *Ga. App.* 417 (66 S. E. 984); *Fanning* v. *Washington,* 12 *Ga. App.* 246 (77 S. E. 1).

2. A prosecution for a violation of a municipal ordinance, punishable by fine or imprisonment, is a criminal case to the extent that the defendant's husband is not competent or compellable to give evidence for or against her on the trial. Penal Code, § 1037, par. 4; *Barnett* v. *Atlanta,* 109 *Ga.* 166 (34 S. E. 322); *Mayor &c. of Macon* v. *Wood,* 109 *Ga.* 149 (34 S. E. 322); *Pearson* v. *Wimbish,* 124 *Ga.* 701 (52 S. E. 751); *Ector* v. *State,* 10 *Ga. App.* 777 (74 S. E. 295).     *Judgment reversed.*

Broyles, J., dissenting. I think there was some evidence, though weak, to support the judgment of the recorder in this case; and, as held by this court in *Backus* v. *City of Atlanta,* 7 *Ga. App.* 397 (66 S. E. 1036), "On the trial of one charged with the violation of a city ordinance, the credibility of testimony is for determination exclusively by the municipal official trying the case; and his finding will not be interfered with where there is any evidence to support it, especially where it is approved by the superior court on certiorari. The evidence against the

defendant was decidedly weak, but we can not hold that there was none; and its sufficiency was entirely for the recorder." And as held by this court in *Hardaway* v. *City of Atlanta*, 9 *Ga. App.* 837 (72 S. E. 304), where the accused was convicted of being a "blind tiger," on purely circumstantial evidence, and the conviction was sustained by the superior court and affirmed by this court: "These facts, taken all together, may have been susceptible of explanation consistent with the innocence of the accused, but this was a matter for determination by the recorder; and since he saw the witnesses and heard their testimony, and the explanation of the accused, he was in a much better position to judge. of the probative value of the evidence than this court."

DECIDED DECEMBER 22, 1914.

Certiorari; from Taliaferro superior court—Judge Walker. October 30, 1914.

*Robert R. Gunn, Alvin G. Golucke,* for plaintiff in error.
*Hawes Cloud,* contra.