## SMITH *v.* THE STATE.

FISH, C. J.  1. At the May term, 1920, of the city court of Hall county an accusation was preferred against Malcomb B. Smith, charging him with the offense of misdemeanor; for that in Hall county on February 29, 1920, the ·accused " did unlawfully,  . . then and there accept delivery of, receive, control, and possess spirituous, vinous, malt, and intoxicating liquors, to wit, about 35 gallons," contrary to the laws of the State, etc.  *Held,* that the accusation was not subject to demurrer on the ground that the State statute upon which it is founded (Act Ex. Sess. 1917, p. 7) is invalid because superseded and rendered void by the eighteenth amendment to the constitution of the United States, prohibiting the manufacture, sale, transportation, importation, and exportation of intoxicating liquors for beverage purposes, and by the act of Congress, commonly known as the " Volstead act " (41 Stat. 305), passed for the purpose of enforcing such amendment.  *Jones* v. *Hicks,* ante, 657 (104 S. E. 771).  *Scroggs* v. *State,* and *Edwards* v. *State,* ante, 753, 754.  The provision of the State statute upon which the accusation is based does not authorize or sanction anything prohibited by the amendment to the Federal constitution and the " Volstead act."

2. On the trial, so much of the evidence as is here material was in substance as follows: A sheriff, without any insignia of his office, riding alone in an automobile, and accompanied by two policemen in uniform riding in another automobile, saw two automobiles, each occupied by one man unknown to the officers, being rapidly driven along a country road in the same direction; the defendant was driving the car in front; the other car seemed to be loaded, and the officers, suspecting it was carrying intoxicating liquor, followed in their cars the other two, the car of the policemen being ahead of that of the sheriff; the occupants of the cars followed by the officers " appeared to be excited " and " kept looking back at " the officers; after running in this order for a short distance, the second car (the one which appeared to be loaded) and the policemen's car also passed the defendant's car, which, till then, had been in front of them all; the defendant's car then followed that of the policemen, and was itself followed by the sheriff's; when the defendant stopped his car for the loaded car to pass him, he threw up his hand and said something to the driver of that car which the officers could not hear.  The sheriff testified:  " I tried to pass him [the defendant], but he would not give me the road.  He would stay in front of me, and when I would try to pass him he would go from one side of the road to the other in front of me.  It appeared to me from his actions that he was trying to keep me from passing.  I hollered at him, but he did not pay any attention to me.  . .  When I caught them about five miles down the road they [the policemen] had captured the Dodge [the loaded car, which was then in front] and had stopped the defendant, but the driver of the Dodge had escaped.  When I first talked to the defendant he told me that he lived at Nicholson, but later found out when taking a bond that he lived at Murrayville.  The Dodge contained

about thirty-five gallons of whisky." *Held*, that this evidence was not sufficient — it being wholly circumstantial — to exclude every reasonable hypothesis other than that of the defendant's guilt; and therefore the court erred in not granting him a new trial on the ground that the verdict was without evidence to support it.

*Judgment reversed. All the Justices concur.*

No. 2276. DECEMBER 17, 1920.

Accusation of possessing intoxicating liquor.    Before Judge Wheeler.  City court of Hall county.  September 25, 1920.

*Boyd Sloan* and *W. V. Lance*, for plaintiff in error.

*E. D. Kenyon, solicitor*, contra.