20392. BUNDRICK v. THE STATE.

DECIDED APRIL 16, 1930.

Strozier & Gower, Harry A. Hodges, for plaintiff in error.
T. Hoyt Davis, solicitor-general, contra.

BLOODWORTH, J. The accused was charged with manufacturing and possessing whisky. There was a general verdict of guilty. A witness testified, that he remained at the still "about 25 minutes, I guess;" that the accused and another "were there while I was there, and the still was running all the time I was there;" that the other person "told me to put a piece of wood under it [the still], and put some water in there, and that he would give me a drink;" that the defendant "did not do anything about the still while I was there." The evidence does not show that the accused had any interest in the still, that it was on land owned or controlled by him, or even that he had on his working clothes. In addition to what is said above, this witness from whose evidence we have quoted was an accomplice, and there is no sufficient corroboration of his testimony; hence his evidence does not authorize a conviction on the first count, wherein a felony is charged. Where an indictment contains two counts, a general verdict of guilty is not authorized unless there is evidence to support both counts. Where the evidence supports only one of the counts, a new trial should be ordered. Simmons v. State, 162 Ga. 316 (134 S. E. 54), and cit.

Judgment reversed. Broyles, C. J., and Luke, J., concur.