## 20683. REESE v. THE STATE.

DECIDED OCTOBER 7, 1930.

*Hallie B. Bell, Edward W. Tipton, Julian F. Urquhart,* for plaintiff in error.

*John Y. Roberts, solicitor,* contra.

LUKE, J. S. R. Reese Sr. was convicted of having, controlling, and possessing whisky. The only question raised by the record is whether the evidence supports the verdict.

Deputy sheriff Luther Stevens testified: that as he was riding in an automobile on Woolfolk street in East Macon he noticed the negro Charlie Chiles carrying something in a sack in defendant's backdoor; that he followed the negro into defendant's house and arrested him after he had placed the sack and its contents in a bath-room about ten feet from the back porch; that said sack contained a ten-gallon keg full of whisky; that when witness entered the house the defendant was standing about ten feet from the whisky in the back-hall door leading into the back porch; that the negro made no statement about the whisky; that when witness told the defendant to come with him, defendant said: "Let me get my hat;" and that when witness arrived in front of the court-house door the defendant said: "You have got me and the liquor and are going to put me in jail. Won't you give me a drink of the liquor?" E. W. Tipton testified: that he first saw Charlie Chiles in the defendant's back-yard with the sack, going towards defend-

ant's house; that witness was riding with deputy sheriff Harris on Sunday afternoon; that he saw a garage just about completed and a chicken-house, and that there was a small store about fifteen or twenty steps from defendant's back door; that he did not see the negro set the sack down in the yard; that when witness entered the house six or eight people went out of the front door; that he did not know that Mr. and Mrs. Reynolds were occupying a part of the house; that the house contained at least six or eight rooms: that he found no other liquor in the house; that the house was at the corner of Woolfolk and Glenn streets in East Macon, Bibb County; that Mrs. Reese was in the kitchen, washing dishes; that he did not remember seeing a Ford car with two negroes in it before he got to the house; that another negro, who was drunk, came out on the porch; and that witness did not know whose liquor it was.

Oscar Harris, a deputy sheriff, testified: that he saw Charlie Chiles carrying a package and "walking pretty pert;" that he could not say whether the negro saw him or not; that the negro went towards the back-yard of the Reese house; that several people went out of the house at the time; and that the porch was screened, and defendant was in the back door. Will Reese testified: that the defendant was his brother and lived with Mr. and Mrs. Reynolds just across the street from him; that Chiles had been working on defendant's garage and he had seen him before; and that he knew nothing about the liquor. Charlie Chiles testified: that he had been working on defendant's garage; that witness purchased the liquor with $10 of his own money for a negro club to which he belonged; that the parties from whom he purchased the whisky refused to carry him to witness's home, because it was in a community that was too thickly populated, and put him out near the defendant's house where there were not so many people; that he was going to see defendant to see if he could get work to do, when he saw Mr. Stevens and Mr. Harris and "started moving;" that he set the whisky down in the weeds near the chicken-house, but carried it in the house when he saw the officers coming; that defendant did not know that he had the whisky; that "just as I got in the house Mr. Stevens arrested me;" that the whisky was his, and that the defendant knew nothing about it; that the keg was not full of whisky; that witness was just asking Mr. Reese about some work for next day, and was talking about nothing else; and that Mr. Stevens arrested

witness on the back porch after he put the whisky in the bath-room.

The defendant's statement was as follows: "I do not know anything about that liquor. I did not have any liquor, and I did not tell Charlie Chiles to bring the liquor there, and it was not my liquor."

We are satisfied that the evidence does not show that the defendant was the principal perpetrator of the offense charged. But it is insisted that there are no accessories in misdemeanors, and that it could be fairly concluded from all the evidence and the attendant circumstances that the defendant did procure, counsel, command, aid, or abet the direct perpetrator of the offense charged. The facts of the case speak for themselves, and an extended discussion of those facts and numerous citations would answer no good purpose. It does appear, however, that two families occupied the house, and the evidence does not show whether the defendant or the other family occupied that particular part of the house where the whisky was found. It further appears that the entire transaction occurred quickly, and that the whisky was captured almost immediately after the negro Charlie Chiles put it in the house. It further appears that the rather full explanation of the transaction by Charlie Chiles was not directly refuted in any material particular, except by one witness, who testified that the keg was full of whisky. In these circumstances we do not think that the evidence excludes every other reasonable hypothesis than that of the guilt of the accused. The following cases may shed some light upon this case: *Allen* v. *State,* 25 *Ga. App.* 331 (103 S. E. 101); *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687); *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550); *Wright* v. *State,* 14 *Ga. App.* 185 (1) (80 S. E. 544).

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion the testimony and other circumstances in the case were sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt. The testimony of the main witness for the defense, the negro Chiles, was most unreasonable, and the jury evidently rejected it as unworthy of belief, as they had a right to do. I think the judgment should be affirmed.