GOLDSMITH *et al.*, executors, *v.* CITY OF ATLANTA *et al.*

No. 11918. November 30, 1937.

*J. D. Tindall* and *J. F. Kemp,* for plaintiffs.

*J. C. Savage, C. S. Winn, Bond Almand, J. C. Murphy, C. B. Shelton,* and *E. H. Sheats,* for defendant.

Russell, Chief Justice, for reversal. In participating in this case I have been influenced, and my judgment perhaps controlled, by the following decision by Mr. Justice Lamar in the case of *Georgia Railroad & Banking Co.* v. *Atlanta,* 118 *Ga.* 486 (45 S. E. 256). "As dedication implies a gift and involves an active, not a passive, state of the donor's mind, the owner may testify as to his intent, though that may be overcome by conduct inconsistent with his testimony. City of Chicago *v.* Chicago Ry. Co., 152 Ill. 561 [38 N. E. 768]. Here there was no evidence to rebut the testimony of the officers of the company that there had been no purpose to dedicate this land as a street, and its conduct in repairing the same for its own private use, and its action in building tracks longitudinally along the strip was inconsistent with the theory that it had been set apart as a street. *Davis* v. *E. T. R. Co.,* 87 *Ga.* 605 [13 S. E. 567]. Not only must there be an intent to give, but, in case of streets, there must be evidence of an intent to accept. Streets are not an unqualified benefit to a municipality; they impose responsibilities, and the acceptance should be by some explicit act on the part of the authorities, and not by vague, indefinite, and inconclusive actions on the part of a body of citizens loosely called the public. *Parsons* v. *Trustees,* 44 *Ga.* 537. There were no sidewalks, no curbing, no evidence that the city had ever put the land in condition for travel, and nothing to indicate that the municipality had ever treated it as a public street. The case comes squarely within the rule applicable to squares and areas around stations, depots, wharfs, and other places of a quasi-public

character, and to which the public at large are invited. The fact that streets or roads enter such open spaces from various directions, and that pedestrians and vehicles pass across the square for the purpose of going from one road to another, does not of itself show that the space has been dedicated to a public use, nor does the necessary exclusive possession by the city arise where the space has been kept open and in repair by the company for its private business, and where the work of maintenance has been at its own expense. The fact that, without intent to make a dedication, the company permits the land to be used by those who do not come thereon for the purpose of business with the company should not operate to defeat its title. Its indulgence ought not to be charged against it and used as a means of depriving it of property allowed to be enjoyed, but not intended to be given. That it does not capriciously warn off persons crossing the strip will not wipe out the effect of acts showing an intention to hold the property as its own. The public in a proper case may obtain the title by condemnation, if the other essential elements are present. But no law of force in this State intends to take private property for public purposes, without payment therefor; nor will this end be attained under the name of dedication where there has not been an express gift by the owner, or where his long-continued acts have not indicated a purpose to set apart the property for the public good. Williams v. N. Y. & N. H. Ry., 39 Conn. 509; Irwin v. Dixion, 9 How. 32 [13 L. ed. 25]. The city insists, however, that the refusal to grant the injunction was proper, since equity will not interfere with the enforcement of criminal laws, nor aid or obstruct criminal courts in the exercise of their jurisdiction. Civil Code, § 4914; Barnett v. Atlanta, 109 Ga. 166 [34 S. E. 322] ; Phillips v. Stone Mountain, 61 Ga. 386. But that principle in no way deprives a court of equity of its power to protect private property, nor ousts chancery of its jurisdiction over nuisances and trespasses, nor prevents the grant of injunctions against threatened or existing wrongs (Civil Code, § 4913), nor defeats its power to enjoin a continuing injury to property or business. When equity acts in such instances, it ignores the criminal feature and exercises jurisdiction solely with reference to the effect of the act on property or business. Were this a contest between two private individuals, both claiming title to the land, the one in possession could have

proceeded to build, and would have been protected against violent or forcible obstruction by the other claimant, until after he had established his title."