33960.  BEXLEY *v.* THE STATE.

Decided April 8, 1952.

*John M. Morrow,* for plaintiff in error.

*Earl Staples, Solicitor,* contra.

GARDNER, P. J. The defendant was a sharecropper, not a tenant, of the owner of the land whereon this beer was found. The landlord testified that he owned the land and the defendant lived in his house thereon, working his farm on "halves." The defendant, therefore, had no right of possession as to this land whereon the beer was found. Code § 61-501 provides: "Where one is employed to work for part of the crop, the relation of landlord and tenant does not arise. The title to the crop, subject to the interest of the cropper therein, and the possession of the land remain in the owner." The defendant was entitled to have the court instruct the jury as to the above Code section, and he duly requested such a charge. The jury were entitled to consider that the defendant was not the owner or in possession as a tenant of the land whereon the beer was found, in determining whether he was guilty as charged. See *Clark* v. *State,* 66 *Ga. App.* 153 (17 S. E. 2d, 552). The court erred in failing to charge the jury as requested.

While a new trial is being granted because of the failure of the court to give a properly and timely presented request, which was applicable—and thus it is not incumbent on this court to deal with the general grounds—it is very doubtful if a verdict for the State will stand in this case without additional evidence, in that the evidence relied on to convict the defendant is entirely circumstantial, does not exclude every other reasonable hypothesis save that of the defendant's guilt, and is entirely consistent with his innocence. We do not mean to hold that in the event of another trial the State might not be able to show by additional evidence the guilt of the defendant. In the absence of proof that the defendant either owned or was in possession of the premises on which the beer was found, or was in control of the beer, or participated directly or indirectly in the making

of the beer or the operation of the still where the beer was located, and it appearing that another had just as much access thereto— we do not think that the evidence excludes every other reasonable hypothesis save that of the defendant's guilt. See *Clark* v. *State*, 66 *Ga. App.* 153, supra; *Mullins* v. *State*, 24 *Ga. App.* 357 (100 S. E. 755); *Burke* v. *State*, 54 *Ga. App.* 225 (187 S. E. 614); *Smith* v. *State*, 150 *Ga.* 755 (2) (105 S. E. 364); *Reese* v. *State*, 42 *Ga. App.* 184, 186 (155 S. E. 373), and cit.; *Coker* v. *State*, 42 *Ga. App.* 385 (156 S. E. 299); *Jordan* v. *State*, 43 *Ga. App.* 474 (159 S. E. 301). In *Bundrick* v. *State*, 41 *Ga. App.* 377 (153 S. E. 77), this court ruled that the evidence did not exclude every reasonable hypothesis save that of the guilt of the defendant, and said that "the evidence does not show that the accused had any interest in the still, that it was on land owned or controlled by him, or even that he had on his working clothes." See *Norris* v. *State*, 43 *Ga. App.* 566, 570 (159 S. E. 597), following *Bundrick* v. *State*, supra. In *Kinsey* v. *State*, 40 *Ga. App.* 707 (151 S. E. 394), this court, in a case where the defendant was charged with possessing whisky, ruled that the evidence was circumstantial and did not exclude every reasonable hypothesis other than that of guilt, the ruling being based upon the fact that the whisky was found in a place to which others had access along with the defendant, and that one Charley Head had as much privilege at the place as the defendant did and went in and out of there whenever he was ready.

In *Wright* v. *State*, 48 *Ga. App.* 302 (172 S. E. 687), in which the defendant complained of a verdict finding him guilty of possessing whisky, the evidence was: that the whisky was found in the back yard of the lot on which the defendant lived, that it had rained the previous day, and there were fresh tracks in the mud leading from the pile of rubbish where the whisky was found to the defendant's house, a distance of 30 feet; that in the house three bottles having in them the fresh odor of whisky were found; that there were several persons in the house; that there was another house as close to the liquor as the one where the defendant lived; that there was an alley between the house where the defendant resided and where the can containing the whisky was found; and that the can was out in an open space where anyone could have gotten it. This court ruled that the

evidence tending to connect the defendant with the offense of possessing whisky "was wholly circumstantial and was not sufficient to exclude every reasonable hypothesis save that of her guilt." In *Clark* v. *State,* supra, this court said: "Although the evidence raises a strong suspicion of the guilt of the defendant, yet in the absence of proof that the defendant either owned the premises on which the stills were located, or was in the control and operation of them, or participated directly or indirectly in their operations, we do not think it excludes every reasonable hypothesis save that of the guilt of the defendant."

Ordinarily when a case is reversed by this court for an error of law and is returned to the trial court for another trial or further action, this court will refrain from passing upon and even discussing whether there was sufficient evidence to support the verdict. However, under the facts of this case and, in order to save time and costs and to facilitate matters therein, we will state that the evidence connecting this defendant with the ownership of this beer was very meager and entirely circumstantial. In fact, such evidence fails to exclude every reasonable hypothesis other than that of the guilt of the defendant and is consistent with his innocence. The only evidence to connect him with this beer is that a path or farm road led from the wooded area of the pasture where this beer was found to the house occupied by the defendant. There was stock in the pasture belonging to the owner of the land, but none belonging to the defendant. Another person lived near the house occupied by the defendant, only a very short distance farther from the place where the still was and where this beer was found than was the house where the defendant lived. The beer was found about a quarter of a mile from the house in which the defendant resided and was not on land owned by the defendant or over which he had control or right of possession. Near the defendant's house were found some empty jugs smelling of whisky. It does not appear, therefore, that the defendant had sole access to the place where this beer was found, and it does appear that the land whereon the beer was found belonged to another. In these circumstances, the evidence was insufficient to exclude every reasonable hypothesis other than that of the guilt of the defendant, and was entirely too meager to show sufficiently that the beer belonged to the defendant.

The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*