## 46493. GRIFFITH v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted for the offense of selling nontax-paid (moonshine) liquor and sentenced to pay a fine of $500 and serve 12 months on the public works. The appeal is from this judgment with error enumerated that the verdict was contrary to evidence, without evidence to support it, decidedly and strongly against the evidence and contrary to law and the principles of justice and equity. *Held:*

1. A careful review of the evidence shows that police officers saw the defendant standing in his yard talking with three persons who were in an automobile. After the car drove away from defendant's home, they arrested the three persons in the car and found *a half gallon* of moonshine whiskey in the car. The only other testimony offered was that of the three persons arrested with the contraband liquor, two of whom did not know anything about the purchase or the identity of the defendant as the person who sold whiskey. The other's testimony differed as to the time of the occasion and the people present. He testified he did not know the highway he was traveling on; that he was told by "some boys" where he could get some whiskey; that he did buy some whiskey from a man standing there talking to some boys in a truck or station wagon but "it wasn't Mr. John Griffith" (the defendant); that the person he got the whiskey from had a flashlight, didn't shine the flashlight on the whiskey, but shined it on the money, reached and got the money, turned his back on him and was gone. "I got the whiskey and he got the money." He further testified that he didn't pay much attention to the man, but it was not the defendant since he looked like he had red hair and that he didn't know whether he got whiskey or not since he never got to smell it or taste it, as the sheriff got it. The evidence here is purely circumstantial in nature as to whether the defendant was guilty of selling nontax-paid liquor. The evidence (circumstantial) is totally insufficient to show beyond a reasonable doubt or to exclude every other reasonable hypothesis save that of the guilt of the accused. *Code* §§ 38-109, 38-110. While the jury is allowed to infer under *Code* § 38-113 from given facts that a law has been

violated, yet the only testimony here which in any way connects the accused with the crime is that the defendant was seen in his yard standing by an automobile occupied by the three persons later found a quarter of a mile down the road in possession of the whiskey purchased. The testimony is in conflict as to the number of persons in the yard at this particular moment. This evidence is insufficient to prove beyond a reasonable doubt that the defendant "did sell and barter for a valuable consideration alcoholic and spirituous liquors, the same not being State tax paid." A sale of whiskey was proven (*Cage v. State,* 11 Ga. App. 318 (75 SE 160); *Gales v. State,* 14 Ga. App. 450 (1) (81 SE 364)), but the essential element of the crime, that is, that it was sold by the defendant, was not. *Singleton v. State,* 12 Ga. App. 572 (77 SE 888); *Smith v. City of Atlanta,* 12 Ga. App. 816 (78 SE 472); *Stephens v. City of Crawfordville,* 15 Ga. App. 519 (1) (83 SE 794); *Smith v. State,* 150 Ga. 755 (2) (105 SE 364); *Reese v. State,* 42 Ga. App. 184 (155 SE 373); *Jordan v. State,* 43 Ga. App. 474 (159 SE 301); *Corbin v. State,* 84 Ga. App. 763 (67 SE2d 478); *Harris v. State,* 86 Ga. App. 607 (71 SE2d 861). Since the State's witness testified that he purchased the liquor from another, not the defendant, this was an hypothesis which was not excluded even though the jury believed all the other facts and circumstances and did not believe this witness except that he made a purchase of whiskey, which was a necessary element. But the officer's testimony is insufficient to prove the defendant sold this whiskey. See in this connection *Moore v. State,* 93 Ga. App. 582 (92 SE2d 313); *Echols v. State,* 93 Ga. App. 891 (93 SE2d 186); *Corbin v. State,* 84 Ga. App. 763 (1), supra; *Williams v. State,* 113 Ga. 721 (39 SE 487); *Redwine v. State,* 207 Ga. 318, 325 (61 SE2d 481); *Sentell v. State,* 227 Ga. 153, 156 (179 SE2d 234).

2. Moreover, there is a general rule that if a fact is shown by direct, uncontradicted, reasonable and unimpeached evidence it cannot be disproved by circumstantial evidence consistent with such direct evidence. See *Neill v. Hill,* 32 Ga. App. 381, 382 (123 SE 30); *Federal Reserve Bank of Atlanta v. Haynie,* 46 Ga. App. 522 (168 SE 112). The circumstantial evidence here was consistent with the direct evidence by the chief witness for the

State who testified that he bought illegal whiskey but had not purchased it from Mr. John Griffith (the accused).

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 1, 1971.

*James Horace Wood,* for appellant.

*Nat Hancock, District Attorney,* for appellee.