## 47829. KENT v. THE STATE.

STOLZ, Judge. Freddie Kent, a deaf mute, was indicted and convicted of burglary in the Superior Court of Floyd County. The uncontroverted evidence showed that the defendant's mother, and later his sister, had lived in the house in question for several years; that Mr. and Mrs. Odell Johnson, who moved into the house after defendant's sister died, had lived in the house for approximately one month at the time of the alleged burglary; and that the defendant entered the house through the front door by using a key, at approximately 11:00 p. m. Mr. and Mrs. Johnson had just retired for the night when they heard a noise in the house. They got out of bed, and saw and recognized the defendant as he struck a match while walking toward the bathroom. The Johnsons called the police, who arrived within two minutes. An officer entered the front door and saw the defendant coming from the direction of the bathroom, buttoning his pants. The

defendant's sworn testimony, through a sign language interpreter, was that he went into the house to use the bathroom. *Held:*

1. "A person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287). Thus, the two essential questions to be answered in this case are: (1) Did the defendant have authority to enter the Johnson home? (2) Did the defendant have the intent to commit a felony or theft while in the Johnson home? The first question is answered in the negative. The evidence conclusively showed that the defendant entered the house without authority from Mr. and Mrs. Johnson.

The second question presents a more difficult problem. The record is absolutely silent as to any act or action by the defendant which would overtly demonstrate criminal intent. "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." Code Ann. § 26-605 (Ga. L. 1968, pp. 1249, 1269). Here again, the record is silent with regard to "words, conduct, demeanor, motive, and all other circumstances connected with the act." The state sought to show intent by the introduction in evidence of previous arrests and other offenses. In *Bacon v. State,* 209 Ga. 261, 264 (71 SE2d 615), the Supreme Court set forth the rules with regard to the use of other offenses, and noted: "If evidence of other offenses by the defendant were admissible generally to show intent, then when he is charged with the offense of burglary with intent to commit a felony [as is the case here], any evidence of any other felony committed by the defendant would be admissible for the purpose

of showing intent to commit a felony. This, too, would result in abolishing the general rule as to the admission of such evidence, and set up as the general rule what has heretofore been regarded as an exception to the general rule." Here, although some evidence of other offenses was admitted into evidence over objection, other evidence of such was received without objection. The question here is not the admissibility of the testimony regarding other offenses, since at least part of such testimony was received without objection, but the probative value of the testimony received in evidence without objection. Essentially, the testimony was that the defendant had been arrested for the offenses of peeping tom, rape, attempted rape, and burglary. The record is again silent as to how these offenses were committed. No modus operandi or other logical connection between the other offenses and the case on trial was shown. The mere fact that the other offenses were of the same sort as the one for which the defendant was on trial, is not sufficient. See *Cox v. State,* 165 Ga. 145 (139 SE 861) and *Bacon v. State,* 209 Ga. 261, supra. At best, the state's evidence on intent is circumstantial and does not exclude every other reasonable hypothesis save the guilt of the accused. See *Griffith v. State,* 124 Ga. App. 505 (1) (184 SE2d 477) and cit. "In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted." *Elam v. State,* 125 Ga. App. 427 (2) (187 SE2d 920) and cit. Consequently, the trial judge erred in denying the defendant's motion for a new trial on the general grounds.

2. The defendant enumerates as error the trial judge's allowing two police officers to testify regarding previous arrests of the defendant. Some of this

testimony was objected to by defense counsel and should have been excluded by the trial judge under the decisions of *Cox v. State* and *Bacon v. State,* cited in Division 1 of this opinion. The admission of such testimony was not error, however, since substantially the same testimony was admitted without objection. *Pitts v. State,* 226 Ga. 878 (2) (178 SE2d 177) and cit. Objection cannot be made for the first time in the appellate court to such testimony. *Starr v. State,* 229 Ga. 181 (1) (190 SE2d 58) and cit.

3. The defendant enumerates as error the trial judge's allowing in evidence accusations and indictments of the defendant in aggravation of the charge of burglary during the sentencing portion of the trial, while the defendant's counsel was absent, even though some of the accusations and indictments resulted in "nol prosses" and "not guilty" verdicts. The record shows that the judge recessed court for lunch and that the defendant's counsel was late returning to court; that, upon his late return, he was fully apprised of what had occurred; and that the defendant's counsel made no objection thereto. Again, counsel cannot make his objection for the first time in this court. The third enumeration is without merit.

4. The verdict was not supported by the evidence; therefore, the trial court erred in entering judgment thereon.

*Judgment reversed. Eberhardt, P. J., and Pannell J., concur.*

Submitted January 12, 1973—Decided February 7, 1973.

*Patton & Flinn, Charles D. Flinn, Jr.,* for appellant. *F. Larry Salmon, District Attorney,* for appellee.