RUTLEDGE vs. HUDSON.

1. The verdict in this case was abundantly sustained by the evidence.
2. There was no error in the charge of the court in the language of the code, §1952, sub-sec. 2.

Rutledge *vs.* Hudson.

3. If the charge of the court was not as full and specific as the claimant desired, it was his duty to call the attention of the court thereto, and to request a further and more specific charge on the subject.

4. There is no law which requires the court to send the jury out of the room while questions of law are being argued to him; and it was not error for counsel to read law to the court in the hearing of the jury. On such a question of practice, this court will not interfere with the discretion of the court below, unless it be greatly abused.

5. As previously ruled, if the charge was not specific and full enough, it was the right of claimant's counsel to call the attention of the court thereto.

6. Where, in a claim case, it was admitted the defendant in *fi. fa.* was in possession of the land levied on at the time of the levy, any declarations made by the defendant up to the time of the levy and while in possession were admissible in evidence.

7. It was admissible to prove the indebtedness of the claimant at the time he purchased the land in controversy; and if the witness testifying knew the fact of his own knowledge, it was not necessary to produce the evidence of the indebtedness.

November 29, 1887.

Charge of court. Debtor and creditor. Fraud. Practice in superior court. Evidence. Before Judge HUTCHINS. Gwinnett superior court. March term, 1887.

The ninth ground of the motion for new trial complained because one of the attorneys for the plaintiff, in the argument of the case, after being permitted by the court to argue the law of the case to him in the hearing of the jury, read decisions of the Supreme Court and a long extract from Bump on Fraudulent Conveyances, pretending to read the same to the court, but actually addressing the jury most of the time. Movant insists that the extract and decisions read were not disputed as propositions of law by claimant's counsel, and therefore there was no necessity to argue to the court; and the reading thereof to the court in the hearing of the jury was not necessary to enforce any rights of plaintiff.

C. H. BRAND, for plaintiff in error.

A. C. McCalla, J. R. Irwin and J. N. Glenn, *contra.*

Simmons, Justice.

It appears, from the record in this case, that D. N. Hudson obtained a judgment against G. W. Rutledge, and had an execution issued on said judgment, to be levied upon certain land in Gwinnett county; to which land W. P. Rutledge filed his claim. Upon the trial of the case in the court below, the jury found the land subject to the *fi. fa.* of Hudson. The claimant made a motion for a new trial, upon the different grounds set out in the motion. The motion was overruled by the court and the claimant excepted.

1. The 1st, 2d, 3d, 4th and 5th grounds are, that the jury found contrary to law and to the evidence. We think the court did right in overruling the motion on these grounds. We have looked through this testimony carefully, and find that the evidence abundantly sustains the finding of the jury.

2. There was no error in the charge of the court as excepted to in the 6th ground of the motion. It was in the language of the code, (§1952, sub-sec. 2.)

3. There was no error in overruling the motion upon the 7th and 8th grounds thereof. If the charge of the court was not as full and specific as desired by the claimant, it was his duty to call the attention of the court thereto, and to request a further and more specific charge on the subject. The judge certifies that his charge on this subject was full.

4. There was no error in overruling the motion on the 9th ground. We know of no law which requires the court to send the jury out of the room while questions of law are being argued to him; and it was not error for counsel to read law to the court in the hearing of the jury. While counsel for the claimant may not have disputed the propositions of law as contended for by counsel for the plaintiff in *fi. fa.*, the record does not disclose whether or not

he made known his assent to the court and counsel. Perhaps if he had risen in his place and admitted to the court that the proposition contended for by the plaintiff's counsel was the law of the case, plaintiff's counsel would have ceased his argument to the court. But as he did not do this, and there is no evidence in the record that the court was satisfied of the soundness of the proposition, counsel for the plaintiff had a right to argue the law to the court in the hearing of the jury. At any rate, it was a question of practice, and we will not interfere with the discretion of the court below in matters of practice, unless that discretion is greatly abused.

5. Nor was there any error in overruling the motion on the 10th ground. As we have said before, if the charge was not specific and full enough, it was the right of claimant's counsel to call the attention of the court thereto.

6. The court did not err in overruling the motion as set out in the 11th and 12th grounds. Having admitted that the defendant in *fi. fa.* was in possession of the land at the time of the levy, any declarations that the defendant made, up to the time of the levy and while in possession, were admissible in evidence.

7. As to the 12th ground, it was admissible to prove the indebtedness of the claimant at the time he purchased this land; and if the witness knew of the fact of his own knowledge, it was not necessary to produce the evidence of indebtedness.

Judgment affirmed.