DAVIS *v.* THE STATE.

Although the verdict can be supported only upon the testimony of a single witness who was confessedly guilty of a crime involving moral turpitude, and there was evidence tending to show he had made contradictory statements and that his general character was bad, yet the jury having nevertheless believed the witness, and his testimony being sufficient if true to authorize a conviction, there was no abuse of discretion in denying a new trial. Evidently the jury did not believe the witness was effectually impeached, or they would not have convicted upon his testimony alone.

March 5, 1894.  Argued at the last term.          *Judgment affirmed.*

Indictment for aiding escape. Before Judge SWEAT. Pierce superior court. October term, 1893.

Davis was indicted for aiding a prisoner (his son) to escape, by forcibly attempting to break the lock of the jail in which he was confined, the escape not having been effected. The defendant was found guilty, and he moved on the general grounds for a new trial, which was denied. There was testimony by the jailer that the lock had been hammered on in his absence at night; and the lock was put in evidence, together with a chisel which he found in a crack in the jail. The only testimony connecting the defendant with the commission of the offence was given by Dan Smith, who was in jail at the time, charged with burglary to which he pleaded guilty. His testimony was positive that the defendant tried to break the lock with an axe, crowbar, file, etc., and that defendant shoved the chisel through a crack of the door to his son; and that if he had broken the lock the door would have come open and there would have been nothing to prevent all the prisoners from escaping. There was testimony by several witnesses, going to impeach Smith by proof of his bad character and of contradictory statements by him. The testimony for the defendant and his statement tended to show an *alibi*.

John C. McDonald, for plaintiff in error.
W. G. Brantley, solicitor-general, *contra*.