**42099. GILBERT v. THE STATE.**

Argued June 8, 1966—Decided June 16, 1966—
Rehearing denied June 28, 1966.

*Stanley H. Nylen,* for appellant.

*Lewis Slaton, Solicitor General, J. Walter LeCraw, J. Robert Sparks,* for appellee.

1

NICHOLS, Presiding Judge. ■ The first enumeration of error complains that the trial court erred in refusing to exclude the jury so that counsel for the defendant could make a motion for mistrial in the absence of the jury. Assuming without deciding that proper practice requires that the trial court exclude the jury whenever counsel desires to make a motion for mistrial, yet in the absence of a showing that the appellant had a good ground for a mistrial the refusal to exclude the jury would not be harmful error. The appellant in the case sub judice does not show, either in his brief or enumeration of error, the ground upon which he sought to make the motion for mistrial. Accordingly, no harmful error is shown by such enumeration of error.

■ The remaining enumerations of error complain that the trial court erred in admitting into evidence the burglary tools upon which the conviction was based because they were obtained as the result of an illegal search and seizure, that the trial court erred in admitting the search warrant under which such tools were allegedly seized because it was procured without a sufficient showing of probable cause, and that the trial court erred in admitting the tools into evidence because they were seized before the search warrant was issued.

In order to determine if the tools were obtained as the result of an illegal search and seizure it is necessary to determine first if the affidavit relied upon for the issuance of the search warrant contained sufficient facts to show probable cause. Assuming that a part of the contents of such affidavit were bare conclusions and insufficient to authorize the issuance of the search warrant, yet the following facts contained therein were sufficient to authorize the magistrate to determine that probable cause existed: "The undersigned officer did arrest one James Lee Thomas on fugitive warrant this date, and at said time the above subjects [including the defendant] were with the escaped person. Further at time of said arrest the officers found stolen goods in the apartment where the arrest was made." See in this connection *Johnson v. State*, 111 Ga. App. 298 (141 SE2d 574); *Marshall v. State*, 113 Ga. App. 143 (147 SE2d 666); *Carson v. State*, 221 Ga. 299 (144 SE2d 384), and citations.

The sole remaining question is whether the trial court erred in

admitting such tools in evidence when upon the trial of the case the police officer, upon whose affidavit such warrant was obtained, testified as to facts contradictory to those upon which the warrant was obtained. It is this ground which is the basis of the enumeration of error which alleges that the tools were seized before the search warrant was issued.

In *Davis v. State*, 94 Ga. 399 (19 SE 243), it was held: "Although the verdict can be supported only upon the testimony of a single witness who was confessedly guilty of a crime involving moral turpitude, and there was evidence tending to show he had made contradictory statements and that his general character was bad, yet the jury having nevertheless believed the witness, and his testimony being sufficient if true to authorize a conviction, there was no abuse of discretion in denying a new trial. Evidently the jury did not believe the witness was effectually impeached, or they would not have convicted upon his testimony alone." In *Henrich v. McCauley*, 154 Ga. 855 (115 SE 655), the Supreme Court made it abundantly clear that where a witness is sought to be impeached by a previous "sworn statement," still the jury, not the court, decides if such witness is in fact impeached. Accordingly, the trial court did not err in admitting into evidence the tools obtained as a result of the search under authority of the search warrant for such reason.

*Judgment affirmed. Hall and Deen, JJ., concur.*