## 36007. SHIRLEY v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of the murder of Larry Hinkle. He received the sentence of life imprisonment. He appeals. We affirm.

Evidence introduced by the state showed that on the day of the murder the deceased was standing on a street corner with Allen Alexander, Weyman McKenzie, and Lester Smith. The appellant approached them in his car, and he told the deceased, "I see you are still here. You are still at it." The deceased responded, "I'm not selling any

marijuana in your territory." The appellant then said, "I will kill you, Larry," and he pulled out a gun and shot in the direction of the deceased, but the gunshot did not hit him. The deceased began to run, and the appellant shot him again, this time hitting him in the back and killing him.

After the shooting, the appellant met with Alexander, McKenzie, and Smith. He gave each of them $300 to keep quiet.

At trial, the appellant denied giving any money to any witnesses to the shooting. The appellant testified that the deceased and the others had run out in front of his car, and he had shot the deceased after the deceased had pulled out a gun and attempted to get into the car. The appellant testified that he thought the deceased was attempting to rob him.

1. In three enumerations of error, the appellant argues that the trial court erred in overruling his motion for mistrial when the prosecuting attorney stated to the jury in closing argument that the appellant's testimony was fabricated.

We agree that it is improper for counsel to state to the jury his personal belief as to the veracity of a witness. *Burnett v. State,* 240 Ga. 681 (5) (242 SE2d 79) (1978). But see *Shy v. State,* 234 Ga. 816, 824 (218 SE2d 599) (1975). However, it is not improper for counsel to urge the jury to deduce such a conclusion from proven facts. *Smith v. State,* 141 Ga. App. 529 (2) (233 SE2d 841) (1977), revd. on other grounds, *Smith v. State,* 239 Ga. 477 (238 SE2d 116) (1977).

Here, the appellant's motion for mistrial was overruled; however, the trial judge, in the presence of the jury, did rebuke the prosecuting attorney for expressing his personal opinion that the appellant's testimony was fabricated. The prosecuting attorney then stated to the jury that he did not mean to be stating a personal opinion, but he was submitting that the jury might infer from the evidence that what the appellant had said was a fabrication. Since the prosecuting attorney clarified his argument to the jury after being rebuked by the trial judge, the trial judge did not abuse his discretion in overruling the motion for mistrial. *Iler v. State,* 139 Ga.

App. 743 (3) (229 SE2d 543) (1976) and cits.

In making his closing argument to the jury, the prosecuting attorney noted that the appellant had testified that the deceased had attempted to rob him and that he had reported this to a "lady at the counter on the third floor of the detective office." The prosecuting attorney asked the jury where this lady was.

The appellant argues that the trial judge should have declared a mistrial, because this argument was improper. We disagree. Although the prosecutor is prohibited from commenting on the defendant's failure to testify, the prosecutor can argue to the jury the inferences to be drawn from the defendant's failure to produce witnesses, who are competent to testify and who allegedly would give evidence favorable to the defendant. *Contreras v. State,* 242 Ga. 369 (3) (249 SE2d 56) (1978) and cits. Cf. *James v. State,* 223 Ga. 677 (5) (157 SE2d 471) (1967). Therefore, this argument was not improper.

2. In another enumeration of error, the appellant argues that the trial court committed error by failing to comply with Code Ann. § 70-207(b), which requires the court to inform counsel of its proposed action upon requests to charge the jury prior to closing argument to the jury.

In this case, the trial court did not refuse to inform counsel of its proposed action on his requests to charge, as in *Evans v. State,* 146 Ga. App. 480 (1) (246 SE2d 482) (1978). Rather, the trial court did inform defense counsel of its proposed action on certain requests to charge. When defense counsel indicated that other requests to charge had been abandoned, the trial judge stated that he understood, and the jury was summoned back into the courtroom for closing argument. We find that the actions of the trial judge did constitute "a substantial compliance" with Code Ann. § 70-207(b), which is all that is required. *Evans v. State,* supra.

Any failure on the part of the trial court to more fully inform defense counsel of the court's proposed action on his requests to charge was at least partly induced by defense counsel. Induced error cannot be complained of on appeal. *Hill v. State,* 237 Ga. 523 (3) (228 SE2d 898) (1976).

3. In two enumerations of error, the appellant argues that the trial judge's instructions to the jury were erroneous in certain respects. In the remaining enumerations of error, he argues that the trial court erred in refusing to give various of his requests to charge.

We find that the trial judge's instructions to the jury were correct when viewed as a whole. "Jury instructions must always be viewed as a whole. [Cits.]" *Patterson v. State,* 239 Ga. 409, 415 (238 SE2d 2) (1977). We find that the trial judge's refusal to give the appellant's request to charge was not error, because the requested charges either were not correct statements of law as adjusted to the facts of this case, or were fairly given to the jury in the general charge of the court. "[I]t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. See *Teal v. State,* 234 Ga. 159 (3) (214 SE2d 888) (1975)." *Herrmann v. State,* 235 Ga. 400, 402 (220 SE2d 2) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 29, 1980 — DECIDED
APRIL 9, 1980.

*Joe Salem,* for appellant.
*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.

