## 62811. COX v. THE STATE.

CARLEY, Judge.

Appellant appeals from her conviction of possession of marijuana with intent to distribute.

1. Appellant enumerates as error the admission into evidence of testimony concerning the contents of certain handwritten documents. She asserts that those writings were not properly authenticated. "A writing, alleged to be in the handwriting or signature of a party, is inadmissible unless the writing is proved or acknowledged to be genuine. [Cits.] The genuineness of the writing, however, may be proved by circumstantial evidence. [Cits.]" *Gunter v. State,* 243 Ga. 651, 657 (256 SE2d 341) (1979). In the instant case the trial court provisonally allowed the testimony concerning the contents of the writings on condition that proper authentication of the documents be subsequently demonstrated by the state. Even assuming without deciding that this condition was not met, see *State v. Smith,* 246 Ga. 129 (269 SE2d 21) (1980), appellant waived any objection to the previous admission of testimony concerning the contents of the writings when the objection was never renewed and when the documents themselves were subsequently offered and admitted into evidence without objection. See generally *Black v. State,* 187 Ga. 136 (2) (199 SE 810) (1938).

2. A law enforcement officer testified on direct examination that, on previous occasions, he had seen scales "like" that found in

appellant's possession. It was not error to allow the state, over appellant's objection that it was "leading," to ask the witness what he had seen such scales used for. See generally *King v. Westbrooks,* 114 Ga. 307 (40 SE 262) (1901). Nor was the witness' response that such scales had been "known to be used to weigh marijuana" unresponsive to the question asked or otherwise inadmissible into evidence. See generally *Mills v. State,* 71 Ga. App. 353 (2,3) (30 SE2d 824) (1944).

3. Appellant enumerates as error the admission into evidence of various containers labelled as containing "marijuana," contending that the state had not shown that the material contained therein was in fact marijuana. We have reviewed the transcript and do not find that the evidence was insufficiently identified as marijuana. The material was, in each instance, identified by a witness whose qualifications as an expert in the identification of marijuana had been demonstrated without objection by appellant. See *Maynard v. Readdick,* 128 Ga. App. 368, 369 (2) (196 SE2d 688) (1973). Accordingly it was not error to admit the material into evidence over appellant's objection that it was not sufficiently identified as marijuana. See generally *Frazier v. State,* 138 Ga. App. 640, 645 (6) (227 SE2d 284) (1976); *Birge v. State,* 143 Ga. App. 632, 636 (6) (239 SE2d 395) (1977); *Cooksey v. State,* 149 Ga. App. 572, 573 (3) (254 SE2d 892) (1979); *Hicks v. State,* 157 Ga. App. 79 (276 SE2d 129) (1981). It is apparent that appellant's objection to the identification of the material as marijuana relates to the weight and credit to be given to the testimony of the state's witnesses who identified it as such. However, those witnesses were qualified as experts without objection by appellant and the weight and credit to be given to their testimony, including their identification of the evidence, was for the jury. See *Central Truckaway System v. Harrigan,* 79 Ga. App. 117, 118 (5) (53 SE2d 186) (1949).

4. Appellant enumerates as error the failure of the trial court to charge without request on the presumption that the head of the household possesses contraband that is found therein and on the equal access rule. The transcript shows that appellant waived her right to enumerate error in the charge as given to the jury. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). Moreover, that the head of the household is presumed to possess contraband found therein is no longer a viable presumption in this state. *Knighton v. State,* 248 Ga. 199, 200 (2) (282 SE2d 102) (1981).

5. The evidence supports the verdict. See *Hudson v. State,* 154 Ga. App. 594 (269 SE2d 89) (1980). The evidence authorized a finding that appellant possessed marijuana with intent to distribute it in her apartment in areas which were not "open, notorious and easily accessible." *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476)

(1976).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982.

*J. Patrick Ward,* for appellant.

*Gil J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellee.