## 40549. JONES v. THE STATE.

HILL, Chief Justice.

This is another murder case growing out of a domestic situation. Henry Ross Jones was convicted by a jury of the shotgun murder of Sarah Adkins Denard, his housemate for over two years. He was sentenced to life and now appeals.[1]

Because there were four eyewitnesses who testified as to the shooting, the evidence supports the verdict and we set out the facts in abbreviated form. The jury was authorized to find that the defendant and victim had been separated for about a week when, on March 23, 1983, while the defendant was carrying a newly purchased shotgun and riding with two friends, he asked the driver of the car to stop because he saw the victim parked in the Thunderbird he had bought

---

[1] The defendant was convicted on April 27, 1983, and his motion for new trial was timely filed. The transcript of evidence was filed in the trial court on September 7, 1983. The amended motion for new trial was heard by the trial judge the following day and was overruled the following week, September 15. Notice of appeal was timely filed and the record was docketed in this court on November 17, 1983. The case was submitted for our decision on December 30, 1983. Judge Chason is due credit for making it possible for the post conviction trial and appellate process to be completed in less than eleven months.

for her. His friend parked, with a van between his car and the victim's. The defendant got out and walked around the van to the victim's window and asked her to get out and talk to him. When she refused, he went back around the van to the car, picked up the shotgun, returned to the victim's car and shot at the victim through the closed window, wounding the victim in the left hip. Then, as she and the other occupants (2 women and 2 children) were scrambling out the other side of the car, the defendant walked around the back of the Thunderbird and shot the victim in the neck, killing her. The defendant then ran to his father's house where he hid the gun and later turned himself in at the sheriff's office.

1. The defendant asks us to reexamine and overrule our holdings that after indictment and conviction, the failure to provide a commitment hearing under OCGA § 17-4-26 (Code Ann. § 27-210) is not reversible error. See *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976). We decline to do so in this case because a commitment hearing was held, albeit after indictment. We find no reversible error here.

2. In his next enumeration, the defendant asserts error in the admission, over his objection, of photographs of the partially nude victim taken at the time of autopsy. In *Brown v. State,* 250 Ga. 862, 867 (302 SE2d 347) (1983), we held: "A photograph which depicts the victim after autopsy incisions are made or *after the state of the body is changed by authorities or the pathologist* will not be admissible unless necessary to show some material fact which becomes apparent only because of the autopsy." (Emphasis supplied.) The photographs here in issue, showing the nude victim's wounds, would be inadmissible under *Brown.*

However, in *Grant v. State,* 251 Ga. 434 (306 SE2d 265) (1983), we held that the ruling in *Brown,* supra, is prospective only. The case now before us was tried on April 27, 1983, two days after our April 25 decision in *Brown v. State,* supra. The *Brown* opinion, however, was not published in the Georgia Law Reporter (advance sheets), Vol. 36, No. 25, until the issue dated June 23, 1983, and could not reasonably have been available to counsel or applied by the trial judge prior to that time (it was not cited to the trial court when the objection to these photographs was made). We therefore hold that the ruling in *Brown,* being prospective, was not applicable here in a trial two days after *Brown.*

The photographs here were admissible under *Ramey v. State,* 250 Ga. 455 (1) (298 SE2d 503) (1983), which preceded *Brown.* We find no error.

3. The defendant's remaining enumerations challenging the charge given by the court have been reviewed and show no cause for

reversal. *Shirley v. State,* 245 Ga. 616, 619 (266 SE2d 218) (1980). *Judgment affirmed. All the Justices concur.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 29, 1984.

*H. Thaxton Monk, Jr., Benjamin L. Bateman,* for appellant.
*J. Brown Moseley, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.