## 69507. BAKER v. THE STATE.
(324 SE2d 818)

DEEN, Presiding Judge.

Gary Baker appeals from his conviction of possession and sale of a controlled substance (marijuana), contending that the trial court erred in admitting hearsay evidence that placed his character in issue.

*Held:*

The evidence showed that an undercover sheriff's deputy met with Don Uptain in order to purchase some marijuana and told Uptain "he needed a bag of smoke." Uptain got into the deputy's truck and they started to drive to appellant's house. While en route, Uptain saw appellant in another car and asked the deputy to stop. Uptain got out of the truck and spoke to someone in the car. When he got back in the truck, Uptain told the deputy that appellant had "one bag left." When the man arrived at appellant's trailer, Baker's first comment was: "I'll deal with you, Uptain, but I'll not deal with anyone else." Uptain and the appellant went inside the trailer while the deputy waited outside. The deputy saw the men make an exchange, and Uptain came out with a bag of marijuana. The deputy gave Uptain $25 for the marijuana, and Uptain then went back into the trailer and gave it to appellant.

Appellant contends the court below erred in admitting Uptain's statement to the deputy that "he has one bag left," because it was admitted for the limited purpose of explaining the deputy's conduct and did not satisfy the requirements for such evidence set forth in *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982) and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). The transcript shows that the court admitted this testimony without first determining its substance and instructed the jury that it was being admitted for the limited purpose of explaining conduct and not for the purpose of showing the truthfulness of the statement.

Appellant is correct, and appellee apparently concedes, that this statement does not satisfy the requirements for admissibility under *Momon* and *Teague*. The State contends, however, that the statement was admissible as a declaration by a co-conspirator under OCGA § 24-3-5 (Code Ann. § 38-306) and claims that there is no requirement that a prima facie case of conspiracy be made before admitting the declarations because the order of proof is within the discretion of the trial court and a prima facie case is shown by the entire evidence. *Fallings v. State*, 232 Ga. 798, 799 (209 SE2d 151) (1974); *Yeargin v. State*, 164 Ga. App. 835, 836 (298 SE2d 606) (1982).

We find the State's argument meritorious as, when the deputy's testimony is viewed as a whole, a prima facie case of conspiracy was made out, and the requirements for admitting this evidence as an exception to the hearsay rule under the law pertaining to co-conspirators was satisfied under the holding in Dutton v. Evans, 400 U. S. 74 (91 SC 210, 27 LE2d 213) (1970). *Mooney v. State*, 243 Ga. 373, 388 (254 SE2d 337) (1979); *Hardy v. State*, 245 Ga. 272, 276 (264 SE2d 209) (1980); *Timberlake v. State*, 158 Ga. App. 125 (279 SE2d 283) (1981); *Castell v. State*, 250 Ga. 776, 780 (301 SE2d 234) (1983). Moreover, the trial court's limiting instructions did not harm appel-

lant, but rather benefited him.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984.

W. Benjamin Ballenger, for appellant.

David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney, for appellee.