### 70681. HILL v. THE STATE.

(336 SE2d 276)

BANKE, Chief Judge.

The defendant was convicted of possession of marijuana with intent to distribute. On appeal, he contends that the trial court erred in

admitting into evidence certain testimony which placed his character in issue.

The defendant had been under surveillance as a suspected drug dealer for some time prior to his arrest. On July 26, 1984, he was observed walking in a field with one Lorenzo McCaskill. The two men stopped at a bush, and the defendant pointed to the ground. McCaskill then reached down and retrieved a brown paper bag. McCaskill was detained soon thereafter, and the bag was seized. It proved to contain 30 smaller packets of marijuana. *Held:*

1. The trial court did not err in admitting evidence that on November 26, 1984, the defendant made another sale of marijuana to another purchaser, in packaging identical to that involved in the sale to McCaskill six months earlier. "If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321) (1980).

2. The court did not err in allowing McCaskill to testify that he had been selling marijuana for the defendant at some point earlier in the year but had stopped, said testimony being relevant to the issue of the defendant's intention to distribute the marijuana which was the subject of the indictment for which he was on trial. "Evidence that is otherwise relevant or material to the issues in a criminal case does not become inadmissible simply because it concerns separate offenses, or because it incidentally puts a criminal defendant's character or reputation in evidence. *Spencer v. State,* 236 Ga. 697, 700 (4) (b) (224 SE2d 910) (1976)." *Drake v. State,* 245 Ga. 798, 802 (267 SE2d 237) (1980).

3. The trial court did err, however, in allowing the state's attorney to cross-examine the defendant as to whether other members of his family had "been in trouble for marijuana." This evidence was not shown to be relevant to any issue in the case and must consequently be construed as an improper attempt to impugn the defendant's character and establish his guilt by association. See generally OCGA §§ 24-2-2; 24-9-20; *Western & Atlantic R. Co. v. Vaughan,* 113 Ga. 354 (1) (38 SE 829) (1901). Also, the fact that defense counsel was required to argue his motion for mistrial on the issue in the presence of the jury would tend to give additional emphasis to the improper questioning.

*Judgment reversed. Birdsong, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Deen, P. J., McMurray, P. J., and Beasley, J., dissent.*

.

McMURRAY, Presiding Judge, dissenting.

I must respectfully dissent from the holding reached in Division 3 of the majority opinion as I would hold that the trial court did not commit reversible error and should be affirmed.

When the State's attorney asked the defendant whether the members of his family had "been in trouble for marijuana," defendant responded that he did not know. Defendant thereupon made a motion for a mistrial which the trial court overruled. The cross-examination proceeded as follows: "Q. Do you know Willie Hill? A. Yes sir. Q. And who is he? A. That's my oldest son. Q. Do you know Ray Hill? A. That's right. Q. And who is he? A. That's my son. Q. Do you know Fred Hill, Jr.? A. That's my son. Q. Do you know Jackie Hill? A. Yeah. I know them all. Q. Where is Jackie today? A. I don't know. Q. Isn't he running from the law on some drug charges pending? A. I — He left here." This line of questioning was then abandoned and inquiries were made regarding the substantive elements of the offense charged. Later, however, the State's attorney returned to the "members of the family" theme: "Q. Willie, Cecil, Ray. A. So what about them? Q. Have they been in any trouble for marijuana? A. No. Cecil ain't. Willie Ruth ain't. Q. How about the other two, Willie and Ray? A. Well, they pretend to have them in trouble, but, on a sale, but they ain't never, they never did nothing with Ray. Ray ain't nothing but a big drunkard. Know he can't sell no reefer. Q. What about Ray, excuse me, Willie? Excuse me. I couldn't hear. What did you say about those two fellows? Have they been in trouble for marijuana before? A. Yeah. Q. How about Jackie? A. Yeah; Jackie has been in it. Q. How about Fred, Jr.? A. Yeah; he's been in it." These questions were asked and answered without objection. I would hold, therefore, that the earlier admission of substantially the same testimony is not harmful error. *Swink v. State,* 225 Ga. 717, 718 (3) (171 SE2d 304); *Kent v. State,* 128 Ga. App. 132, 134 (2) (195 SE2d 770). See *Cox v. State,* 160 Ga. App. 891 (1) (289 SE2d 266).

I am authorized to state that Presiding Judge Deen joins in this dissent.

BEASLEY, Judge, dissenting.

I agree with the dissent but there is an additional reason why the court did not err as claimed. Appellant states that the court failed to permit counsel to argue a motion for mistrial outside the hearing of the jury and failed to grant the motion.

Allowing the argument in the presence of the jury is within the discretion of the trial judge and will not be reversed absent abuse. There is no law prohibiting argument on legal questions in the presence of the jury. Thus, allowing the jury to remain while hearing the motion is not reversible in the absence of harm. *Rutledge v. Hudson,*

80 Ga. 266 (4) (5 SE 93) (1887); *Gilbert v. State,* 114 Ga. App. 1, 2 (1) (149 SE2d 920) (1966). Of course, a court hazards the chance that what transpires in the development of the motion may prejudice the defendant and should have, with hindsight, been conducted in the jury's absence. Here, however, no harm was done because the motion related to admissible evidence. Consequently, the jury's presence did not prejudice defendant.

The court did not err in denying the motion for mistrial. Defendant had testified in his own behalf, stating that he was at the location of the incident talking to some girls when McCaskill came up and told him somebody put something in the field and he wanted defendant to go with him to see about it. So he went along and saw a bag, which McCaskill picked up and left with. Defendant then simply went back to where he had come from, and "that was the end of it." Defendant denied that the bag was his and denied that he told McCaskill to pick it up and to go sell what was in it.

In effect, then, his defense, presented only by his own testimony, was that he had nothing to do with the bag or its contents and was completely innocent of any knowledge thereof and had nothing to do with any drug transactions. On cross-examination the district attorney attempted to show that defendant was very familiar with marijuana and was involved in the trade and was not an outsider or bystander to what was occurring over a long period of time in the vicinity of the Hideaway Club and environs. The testimony of McCaskill and the evidence of the November 26 transaction were part of it. So was the evidence, developed on cross-examination of defendant, that he drove a Lincoln Continental and did not work. These and other pieces of the picture regarding defendant's activities and associations constituted an effort to show defendant's knowledge of the trade and familiarity with prices and the market, aiming ultimately at showing that defendant was a participant in it and that as such, he did in fact possess the marijuana on July 26 with intent to distribute. To counter the defense of unknowingness, the district attorney asked a line of questions concerning defendant's knowledge of the price nickel bags were sold for. Defendant said he did not know what they sell for and that the district attorney should ask somebody who sells them; he volunteered that he did not sell them. The district attorney rephrased the question: "You know what it sells for, don't you, Mr. Hill? Answer: No. I ain't never bought none in my life. I don't smoke it. Question: How about all the members of your family, have been in trouble for marijuana, haven't they? Answer: I don't know —" That is when the motion was made and overruled. Thereafter, questions were asked about family members but the only questions at this juncture relating to "trouble" were: "Where is Jackie (Hill) today? A. I don't know. Q. Isn't he running from the law on some drug charges pend-

ing? A. I — He left here." No objection was made at this time. In any event the method used by the district attorney to impeach defendant's testimony that he had no knowledge of what this was all about, had merely accompanied McCaskill when he walked in the field to get something that someone had left there, and did not even know what nickel bags sold for, did not require a mistrial. The issue made by defendant was whether he was innocent of knowledge of marijuana transactions and in particular this one; he had portrayed himself as having nothing to do with the drug trade which had been earlier testified to by the state's witnesses. That the marijuana which McCaskill picked up was defendant's and had been placed in the field by him or at his direction for McCaskill to come and get and sell for him and pay him for, was very much at issue. Having claimed quite the opposite, knowledge of the trade, including the price of nickel bags and that defendant would have substantial opportunity to know that price even from his own family, was relevant and in direct contradiction of his statement that he did not even know the price thereof. Attempting to show that he would have knowledge from this surrounding source, at least, would not require a mistrial.

But even if an objection should have been sustained had it been made, which it was not, or curative instructions been given had they been requested, which they were not, the admission of this evidence was harmless. In view of the admissible evidence that defendant had been involved in another identical transaction several months later and that McCaskill had been selling marijuana for defendant even earlier than the "field pickup" incident for which defendant was on trial, no mistrial was mandated. *Hill v. State,* 221 Ga. 65, 67 (142 SE2d 909) (1965); *Jones v. State,* 128 Ga. App. 885, 886 (198 SE2d 336) (1973).

I am authorized to state that Presiding Judge Deen joins in this dissent.

DECIDED SEPTEMBER 24, 1985 —
REHEARING DENIED OCTOBER 22, 1985 —

*Walter E. Van Heiningen,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.