A91A1698. JOHNSON v. THE STATE.
(415 SE2d 189)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of distributing cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Appellant testified in his own defense and denied committing the crime, claiming to have been in Florida in the company of one Wayne Bryant. Subsequently, over appellant's continuing objection, the State was permitted to cross-examine him regarding his knowledge of Bryant's criminal record and whether he knew that Bryant had "been [recently] convicted of two sales of cocaine[.]" The failure to sustain the objections to this line of cross-examination is enumerated as error.

There was no evidence that appellant and Bryant were co-conspirators, having traveled together to Florida to obtain cocaine for distribution. If Bryant had testified as an alibi witness at appellant's trial, he could have been impeached by proof of his previous convictions. Since Bryant did not testify, the State could have questioned appellant about his failure to have called Bryant. *Shirley v. State*, 245 Ga. 616, 618 (1) (266 SE2d 218) (1980); *Pritchard v. State*, 160

Ga. App. 105, 107 (4) (286 SE2d 338) (1981). However, the State could not attempt to impeach appellant by showing that the absent Bryant had previous convictions. *Western & Atlantic R. Co. v. Vaughan*, 113 Ga. 354 (1) (38 SE 851) (1901); *Cross v. State*, 136 Ga. App. 400, 405 (6) (221 SE2d 615) (1975). "The trial court [erred] in allowing the [S]tate's attorney to cross-examine [appellant] as to whether [his companion] had 'been [convicted of selling cocaine].' This evidence was not shown to be relevant to any issue in the case and must consequently be construed as an improper attempt to impugn [appellant's] character and establish his guilt by association. [Cits.]" *Hill v. State*, 176 Ga. App. 509, 510 (3) (336 SE2d 276) (1985).

2. Appellant's remaining enumerations of error have been considered and are found to involve circumstances unlikely to recur upon retrial.

*Judgment reversed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper, Andrews, JJ., and Judge Arnold Shulman concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I respectfully dissent. Johnson's main alibi witness, the only person who allegedly was with him on a trip to Florida at the time the drug transaction took place, was Wayne Bryant. Although defendant called five witnesses regarding his whereabouts, none could say with certainty that he was elsewhere when the sale occurred. Only the absent Bryant could so testify.

The jury would be permitted to draw, as reasonable, the inference that Bryant would have so testified if he had been called but was unavailable for some reason unknown to the jurors. On the other hand, the jury could infer that the absence of the witness meant that he would not corroborate Johnson's alibi; the State is permitted to make such an argument. *Shirley v. State*, 245 Ga. 616, 618 (1) (266 SE2d 218) (1980), cert. denied 449 U. S. 879 (101 SC 227, 66 LE2d 102) (1980). This inference would portend rejection of the sole defense. The question about Bryant's conviction of sales made by him seven and nine days before defendant's sale to the undercover agent was relevant to the issue of the validity of the alibi. It tended to explain why defendant did not call Bryant as a witness; even if Bryant would have testified that he and Johnson were on a trip to Florida at the crucial time, he would have been impeached by his conviction of crimes of moral turpitude. Such is permitted. *Doggett v. Simms*, 79 Ga. 253, 257 (2) (4 SE 909) (1887); *Cross v. State*, 136 Ga. App. 400, 405 (6) (221 SE2d 615) (1975), cert. denied 233 Ga. 960 (214 SE2d 374) (1975); OCGA § 24-9-84.

This, of course, would weaken the inference that Bryant was ab-

sent for a legitimate reason and strengthen the inference that Bryant could not honestly testify that Johnson was not out in front of his corner grocery store in Alma at 8:30 p.m. on September 23, 1988.

Thus, unlike the situation in *Hill v. State*, 176 Ga. App. 509, 510 (3) (336 SE2d 276) (1985), the evidence *was* relevant to an issue in the case, i.e., the absence of the only witness who allegedly could give direct evidence that defendant was not present at the scene when the crime as charged occurred. The State's question addressed the absent witness' character, not the character of the witness/defendant. So it did not violate the principle that "[a] witness can not be impeached by proving association with a man of bad character." *Western & Atlantic R. Co. v. Vaughan*, 113 Ga. 354 (1) (38 SE 851) (1901).

"[T]he right of cross examination is thorough and sifting, and . . . a defendant who elects to testify in his own behalf shall be examined and cross-examined as any other witness. . . ." *Pritchard v. State*, 160 Ga. App. 105, 108 (4) (286 SE2d 338) (1981); OCGA § 24-9-20 (b).

DECIDED JANUARY 28, 1992.

*Garland & Samuel, Donald F. Samuel*, for appellant.
*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.