A91A2222. SHIELDS v. THE STATE.
(417 SE2d 168)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of selling cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. At trial, an officer testified he had made initial contact with an individual named Danny Wehunt. Wehunt had become the target of an undercover investigation because the officer had previously purchased stolen property and controlled substances from him. After a

short negotiation with Wehunt, which the officer secretly taped, Wehunt left the officer's immediate presence and another individual soon arrived to complete the sale. The officer subsequently determined that this individual was appellant.

Appellant urges that this testimony was an improper attempt by the State to impugn his character and establish his guilt by association with Wehunt. See *Johnson v. State*, 202 Ga. App. 590 (1) (415 SE2d 189) (1992). However, Wehunt was shown to be directly involved in the crime for which appellant was being tried. Compare *Johnson v. State*, supra. Not only was Wehunt the original target of the undercover investigation which ultimately led to appellant's arrest, he was instrumental in arranging the actual sale of cocaine for which appellant was being tried. Accordingly, the testimony was clearly admissible as part of the res gestae of the crime that appellant was charged with having committed. *Lawrence v. State*, 187 Ga. App. 211, 212 (1) (369 SE2d 531) (1988); *Osborn v. State*, 161 Ga. App. 132, 138 (7) (291 SE2d 22) (1982); *Thompson v. State*, 4 Ga. App. 649 (1) (62 SE 99) (1908). "The [S]tate is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged and we find no error in admitting this evidence as part of the res gestae even though it may have incidentally placed [appellant's] character in evidence. [Cit.]" *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983).

The officer further testified that he had determined the name of the individual who had sold him the cocaine by checking the records that he had personally compiled on Wehunt. According to the officer, his records indicated that Wehunt had an "associate" whose name was that of appellant. This testimony prompted a motion for mistrial. The denial of this motion is enumerated as error.

The officer's testimony regarding the contents of his personal files would be inadmissible hearsay unless it was relevant to explain his conduct in identifying and arresting appellant. That the officer had subsequently identified and eventually arrested appellant was obviously relevant, but it does not appear that the specifics of how or why he had come to do so was. See generally *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982); *Thompson v. State*, 201 Ga. App. 646, 647 (3) (411 SE2d 886) (1991). However, even if the officer's testimony in this regard was inadmissible hearsay, its admission would nevertheless constitute reversible error only if appellant was harmed thereby.

That he was an "associate" of Wehunt does not necessarily impugn appellant's character as a participant in Wehunt's criminal activity. One may be an "associate" of the target of a criminal investigation without being associated in his criminal activity. See *Tinch v. State*, 170 Ga. App. 714 (318 SE2d 505) (1984). That appellant did in fact have such a non-criminal association with Wehunt was shown by

appellant's own testimony that he and Wehunt lived together. Even if the officer had testified that the source of his information was official police files, rather than his own personal files, appellant's character would not necessarily be impugned thereby. *Hall v. State*, 177 Ga. App. 464 (339 SE2d 658) (1986). Compare *Stanley v. State*, 250 Ga. 3 (1) (295 SE2d 315) (1982). Moreover, the record shows that the trial court's instructions to the jury were sufficient to preclude erroneous consideration of the evidence as being admissible to prove the truth of the information in the officer's records and somehow relevant to appellant's guilt. See *Laney v. State*, 159 Ga. App. 609 (2) (284 SE2d 114) (1984). Since it cannot be said that the officer's testimony had the harmful effect of impugning appellant's character, it was not reversible error to deny the motion for mistrial.

2. The trial court did not err in admitting evidence of Wehunt's conversation with the officer, wherein the sale of the cocaine was negotiated. *Cromer v. State*, 253 Ga. 352, 357 (4) (320 SE2d 751) (1984); *Mooney v. State*, 243 Ga. 373, 388 (3) (254 SE2d 337) (1979); *Baker v. State*, 172 Ga. App. 877 (324 SE2d 818) (1984).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 24, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992.

*Watson & Watson, Herman A. Watson III,* for appellant.
*C. Andrew Fuller, District Attorney,* for appellee.