A93A0300. BUSBEE v. THE STATE.
(435 SE2d 60)

BEASLEY, Presiding Judge.

Busbee appeals from the judgment entered on his conviction of theft by taking (OCGA § 16-8-2).

Oscar Bush and James Wooley, a construction contractor and his helper, were re-roofing a residence using a saw belonging to Bush worth approximately $175. They stopped for lunch and drove to town, leaving the saw at the work site in Bush's unlocked van. When they returned, the saw was missing. Bush and Wooley drove back to town looking for appellant Busbee and found her by the side of the road talking to Walter Ellis. Bush retrieved his saw from the back seat of Busbee's car, returned to work, and later decided to press charges.

Busbee testified that she did not take the saw, that she discovered the saw in her car and realized it belonged to Bush, and that she was on her way to return the saw to Bush when he found her and retrieved it. She further testified that she had been stopped by Walter Ellis to discuss another matter unrelated to the saw. The State

argued that appellant did not intend to return the saw but instead intended to deprive Bush of his property.

In two enumerations of error, appellant contends that the trial court should not have allowed the State to ask her on cross-examination, "Did you know that [Walter Ellis] was once indicted by a Federal Grand Jury for running a stolen automobile ring for. . . ." At this point, appellant objected and moved for a mistrial. A hearing was held out of the presence of the jury, during which it was established that Busbee was not aware of this fact, if it was a fact. The State never proved that it was. It did not show that the question was asked in good faith and was based on reliable information. See *Medlock v. State*, 263 Ga. 246 (430 SE2d 754) (1993).

The court overruled the objection and denied the mistrial, and the solicitor elicited the same testimony before the jury. This was improper and should not have been permitted. As appellant argued below, it was irrelevant to the issue of defendant's intent with respect to the saw. It sought only to create an innuendo that appellant had reason to believe that Ellis might act as a fence for the saw. In its closing argument, the State nurtured this seed in the minds of the jury by fertilizing it with "a little saw like that will bring a nice little cash prize with a good fence if you have got a good fence to work with. It would be hard to trace, too."

Yet this question, unsupported by any evidence, clearly impugned appellant's own character by suggesting that she associated with a criminal. It was prejudicial and served no valid purpose. *Aldridge v. State*, 125 Ga. App. 691, 692 (5) (188 SE2d 835) (1972); *Hill v. State*, 176 Ga. App. 509, 510 (3) (336 SE2d 276) (1985). "What is forbidden is the State's introduction in the first instance of evidence whose sole probative value is that it tends to show a defendant's bad character. [Cit.]" *Mathis v. State*, 192 Ga. App. 772, 773-774 (3) (386 SE2d 532) (1989). At the very least, it was not relevant to show her belief or intent, because she did not even know of the purported indictment. Nor was it valid impeachment; it did not relate to *her* record, and it was not a *conviction. Beach v. State*, 138 Ga. 265 (1) (75 SE 139) (1912).

She is entitled to a new trial.

*Judgment reversed. Cooper, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JULY 30, 1993.

*Fuller & McFarland, Thomas R. McFarland*, for appellant.
*Howard S. McKelvey, Jr., Solicitor*, for appellee.