A94A2451. PARDO v. THE STATE.
(450 SE2d 440)

BIRDSONG, Presiding Judge.

Orlando Pardo appeals his judgment of conviction of aggravated assault and armed robbery. He enumerates 12 errors. *Held*:

1. Mary Case, a bookkeeper for a local Winn-Dixie store, made an in-court identification and a pretrial photographic line-up identification of appellant as the person who pointed a pistol at her and robbed her of between $1,000 and $3,000 of Winn-Dixie money. Greg Long, a Winn-Dixie assistant manager, made an in-court identification of appellant as the person whom he followed out of the store and who pointed a .357 magnum pistol at him, cocked the hammer, and shot at him. Police officers testified as to the circumstances surrounding appellant's arrest when he attempted a few hours later to run to and enter a motor vehicle parked in the vicinity of the crime scene. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of aggravated assault and armed robbery of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Assuming without deciding that the testimony of the officer regarding whether he would first put on larger or smaller britches if he were to put on both pair together was speculative, and the door to such inquiry had not been opened by appellant; nevertheless, any resulting error would be harmless as it would be highly probable that such error would not have contributed to the jury's verdict in view of

the overwhelming evidence of appellant's guilt. *Alexander v. State,* 263 Ga. 474, 476 (2) (c) (435 SE2d 187).

3. By affirmatively expressing no objections to the trial court's closing charge to the jury and by failing to reserve his right to object on motion for new trial or on appeal, appellant waived any claim of charging error on appellate review. Accordingly, the error asserted in appellant's fifth enumeration is not before us on appeal. *Leavitt v. State,* 264 Ga. 178 (3) (442 SE2d 457).

4. Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. *Santone v. State,* 187 Ga. App. 789, 792 (371 SE2d 428). Appellant's ninth enumeration is without merit; appellant has failed to show the trial court abused its discretion, under the attendant circumstances, by excluding appellant's testimony as to what a third party told him regarding what mechanical problem existed with appellant's rental car. In this regard, appellant subsequently was allowed to testify that the third party "pointed to me to clean the pole of the batteries." Moreover, appellant's counsel acquiesced in the ruling of the trial court and failed to express any affirmative reason on the record for his attempt to introduce the third party's statements. Additionally, even assuming error had occurred as contended, it would have been harmless. *Alexander,* supra.

5. Appellant testified and denied that he committed the offenses. The State cross-examined appellant, over objection, as to why he had failed to subpoena any of the people whom he testified had witnessed him swimming earlier and who had invited him to join their party, and why he had failed to have any of them appear in court in his behalf. This was not error. The State was entitled to a thorough and sifting cross-examination of appellant (OCGA § 24-9-64) as to why these persons were not present in court to testify in his behalf; the State is permitted to bring such relevant evidence to the attention of the jury from which it can permissibly draw such reasonable inferences as it deems appropriate, regarding the defendant's failure to produce a witness whom he has directly or indirectly claimed could support in whole or in part the theory of his defense. *Pritchard v. State,* 160 Ga. App. 105, 107 (4) (286 SE2d 338); *Workman v. State,* 137 Ga. App. 746, 747 (3) (224 SE2d 757); see *Johnson v. State,* 202 Ga. App. 590 (1) (415 SE2d 189) (dictum); see also *Shirley v. State,* 245 Ga. 616, 617 (1) (266 SE2d 218). *Sokolic v. State,* 228 Ga. 788 (187 SE2d 822), a case wherein the appellant did not testify, is distinguishable.

6. Appellant filed a motion for new trial arguing, inter alia, that the two attorneys who represented him at varying stages prior to his conviction were both inadequate. The trial court conducted a hearing as to this claim and ultimately denied the motion for new trial. As to the inadequacy of counsel claim, the trial court held: "A reasonable

probability does not exist that the result of the proceeding, or verdict, would have been different, even if the court did find that counsel's performance was deficient." " 'Georgia has adopted the two part test for effectiveness set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). . . . [D]efendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense.' [Cits.] The failure to establish either element of the test will result in the denial of defendant's claim of ineffective counsel." *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385). Moreover, an appellant must overcome "the strong presumption that the representation was effective." *Mason v. State*, 199 Ga. App. 691, 693 (2) (405 SE2d 747). The facts of this case are distinguishable from those in *Cochran v. State*, 262 Ga. 106, 108 (2) (b) (414 SE2d 211) where there existed a "total failure of trial preparation." Pretermitting whether the performances of appellant's counsels were deficient, within the meaning of *Strickland*, supra, is whether such performances prejudiced appellant's defense by creating a reasonable probability that, but for counsels' unprofessional errors, the result of the proceedings would have been different. *Hand v. State*, 205 Ga. App. 467, 469 (2) (422 SE2d 316). The trial court concluded that this second prong of the *Strickland* test had not been met. Appellant has failed to establish that this finding by the trial court was clearly erroneous. " 'A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous.' " *Scapin*, supra at 725; accord *Hand*, supra at 470. Appellant's fourth enumeration of error is without merit.

7. Appellant's contention that the trial court erred by allowing and accepting prosecution's incorrect argument that appellant was guilty of the crime of burglary is without merit. First, appellant failed to object timely to the descriptive statement of appellant's arrest and conviction given by the State. This issue is not preserved for appellate review as appellant failed to pose a timely objection on these specific grounds at trial. See generally *Mundy v. State*, 259 Ga. 634 (5) (385 SE2d 666). Secondly, review of the record in its entirety, including the State's sentencing documents, reveals that the trial court was not misled as to the nature of appellant's prior criminal record. "The trial judge is presumed to know the law and to be capable of separating admissible grains of evidence from inadmissible chaff." *Rowe v. Rowe*, 195 Ga. App. 493 (2) (393 SE2d 750). Likewise, a trial judge is capable of separating the established facts from an apparent slip of the tongue of counsel. For each of these separate reasons, appellant's sixth enumeration is without merit.

8. In view of our above holdings, we find the trial court did not err in denying appellant's motion for directed verdict. Evidence suffi-

ciency met the standards of *Jackson v. Virginia,* supra, and no reversible errors of law exist. See generally *Wilburn v. State,* 199 Ga. App. 667 (1) (405 SE2d 889). Likewise, the trial court did not err in denying appellant's motion for new trial. Id.; *Daras v. State,* 201 Ga. App. 512 (1) (411 SE2d 367); see *Karvonen v. State,* 205 Ga. App. 852 (2) (424 SE2d 47); cf. *Cauley v. State,* 134 Ga. App. 310, 312 (2) (214 SE2d 402) (no error in denying extraordinary new trial motion where alleged newly discovered evidence seemed to be cumulative and impeaching in character). Further, appellant concedes in his appellate brief that his enumeration eleven is cumulative of enumerations one through ten; we have determined enumerations one through ten to be without merit.

9. Appellant contends the trial court erred by erroneously refusing to recuse himself at the motion for new trial hearing. We decline, as urged by the State on appeal, to apply strictly the provisions of Uniform Superior Court Rule 25.1 in this instance. The remarks of the trial court on which the oral recusal motion was based occurred during the hearing; the remarks were duly transcribed, as was the trial court's ruling thereon; and the oral motion to recuse was made immediately following the remarks. Also, the State posed no objection at the hearing to the recusal motion on grounds of non-compliance with Rule 25.1. Good cause existed for the procedure used by appellant, and the trial court ruled on the merits of the recusal motion and denied it.

The extended remarks of the trial court included his statement that the State had presented overwhelming evidence of appellant's guilt, and emphasized the two-prong *Strickland* test for inadequacy of counsel; however, the trial court emphasized affirmatively that he would keep an open mind and reserve ruling on the motion for new trial until he had an opportunity to hear all the evidence to be presented. While the remarks of the trial court conveyed the opinion of the trial judge as to the quality of the evidence presented to the jury and as to the manner in which a portion of the trial had been conducted, the remarks revealed no prejudice on the part of the trial court against appellant. While the trial judge's remarks "may not have constituted exemplary courtroom decorum, they did not provide a legal basis for disqualification." *Chambliss v. Roberson,* 164 Ga. App. 579, 581 (1) (298 SE2d 550). Moreover, the remarks of the trial judge "did not raise a reasonable question of the judge's impartiality," within the meaning of Canon 3 (C) (1) of the Code of Judicial Conduct. *Von Hoff v. Carmichael,* 204 Ga. App. 760, 762 (3) (420 SE2d 643).

Each of appellant's enumerations of error is without merit.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

Decided November 7, 1994 —
Reconsideration denied November 22, 1994 — 

*Gordon E. Billheimer, Jr.,* for appellant.
*Thomas J. Charron, District Attorney, W. Thomas Weathers III, Amy H. McHesney, Assistant District Attorneys,* for appellee.