A01A1923. TAYLOR v. THE STATE.
(561 SE2d 833)

JOHNSON, Presiding Judge.

Hendrick Taylor was convicted in Douglas County of possessing marijuana and trafficking in cocaine. He appeals, arguing that evidence seized from his apartment should have been suppressed, that venue in Douglas County was never established, and that the state improperly commented on his silence and introduced evidence of his association with other people who possessed cocaine. We find no reversible error and therefore affirm Taylor's convictions.

1. On appeal, we view the evidence in the light most favorable to

upholding the trial court's judgment on a motion to suppress.[1] Moreover, the trial court determines the credibility of witnesses, and we must accept the trial court's findings on credibility and disputed facts unless such findings are clearly erroneous.[2]

The evidence in the instant case, viewed in favor of the trial court's denial of Taylor's motion to suppress, shows that on April 19, 1996, Douglas County law enforcement officers received a complaint that marijuana was being smoked in an apartment building. The next day, the officers received another complaint about marijuana again being smoked in the same building. Officers went to the building to investigate the complaints.

At the building, the officers smelled marijuana and saw two young men come out of an apartment. The officers smelled marijuana on the young men's clothing and emanating from the apartment. The officers asked for permission to search the apartment and were told by the young men that the apartment belonged to Taylor. Another officer then arrived and also smelled marijuana on the two young men. This officer asked the young men to retrieve the marijuana from the apartment.

One of the men, without saying anything, turned and entered the apartment. The officer, concerned for his safety and that the young man might try to destroy evidence, followed him. The officer took two steps into the apartment, where he saw a pistol on a television near the door. The young man picked up a plastic bag containing marijuana from the dining room table and handed it to the officer.

The officers obtained and executed a search warrant for the apartment. In the apartment, they found electronic scales commonly used to weigh illegal drugs, ten one-ounce "cookies" of crack cocaine, a pound of cocaine, several pounds of marijuana, records of drug transactions, and a pistol.

Taylor, who was on probation for possessing cocaine with intent to distribute, disappeared for six months. He was eventually apprehended during a traffic stop. Taylor testified that he did not own the drugs, and he presented evidence of his good character.

Contrary to Taylor's claims, the officers lawfully seized evidence from his apartment. The officers had probable cause to suspect that marijuana was in the apartment based on their smelling of marijuana coming from the apartment, their smelling of marijuana on the clothes of the two young men as they left the apartment, and the complaints that marijuana was being smoked in the building.[3] More-

---

[1] *Sanders v. State*, 247 Ga. App. 170 (543 SE2d 452) (2000).

[2] Id.

[3] See *Bigby v. State*, 250 Ga. App. 529-530 (1) (552 SE2d 129) (2001); *Patman v. State*, 244 Ga. App. 833, 835-836 (537 SE2d 118) (2000); *State v. Folk*, 238 Ga. App. 206, 208-209 (521 SE2d 194) (1999).

over, once the young man went back into the apartment, the officer acted properly in following him to ensure that he did not destroy any evidence.[4] When the officer saw the pistol and bag of marijuana in the apartment, he had probable cause to search the place — and the search warrant based on the officers' observations was valid. Because the officers acted lawfully in seizing evidence from the apartment, the trial court did not err in denying Taylor's motion to suppress.

2. Venue must be proved beyond a reasonable doubt.[5] The evidence in the instant case, contrary to Taylor's claims, was sufficient to establish venue in Douglas County. A Douglas County sheriff's investigator testified at the motion to suppress hearing that the apartment building which included Taylor's apartment was located in Douglas County. During the trial, the same investigator testified that the cocaine seized from Taylor's apartment was one of the biggest cocaine seizures in Douglas County in two years. Moreover, the search warrant for Taylor's apartment, which was admitted into evidence, plainly states that the apartment is located in Douglas County. And one of Taylor's own character witnesses testified that she and Taylor had rented and lived in the apartment in Douglas County.[6] The jury was authorized to find that venue in Douglas County was proven beyond a reasonable doubt.[7]

3. Taylor testified at trial that the drugs found in the apartment were not his. On cross-examination the court allowed the prosecutor to ask Taylor if, during the six months between the search of his apartment and his arrest, he ever went to the police to explain that the drugs were not his. Taylor argues that this was an improper comment on his right to remain silent.[8]

Even if we assume that there was an improper comment on Taylor's silence, such an impropriety does not automatically require reversal and may be harmless error.[9] In determining whether an error was harmless, we consider the facts, the context of the error, and the prejudice caused by the error juxtaposed against the strength of the evidence of the defendant's guilt.[10] The evidence of Taylor's guilt was overwhelming. Several pounds of marijuana and several hundred grams of cocaine were found in his apartment, along

---

[4] See *Cates v. State*, 232 Ga. App. 262, 264 (501 SE2d 262) (1998).

[5] *Jones v. State*, 272 Ga. 900 (537 SE2d 80) (2000).

[6] See *Rogers v. State*, 247 Ga. App. 219, 221 (2) (543 SE2d 81) (2000) (testimony of single witness sufficient to establish venue).

[7] See *Jones v. State*, 246 Ga. App. 596, 597 (2) (539 SE2d 602) (2000); *Moore v. State*, 246 Ga. App. 163, 165 (2) (539 SE2d 851) (2000).

[8] See *Mallory v. State*, 261 Ga. 625, 629-630 (5) (409 SE2d 839) (1991) (comment on defendant's failure to come forward to explain innocence not allowed).

[9] *Allen v. State*, 272 Ga. 513, 515 (5) (530 SE2d 186) (2000).

[10] Id. at 515-516 (5).

with records documenting his drug sales. There was also similar transaction evidence of Taylor's prior conviction for selling cocaine. Given the strength of the evidence of his guilt, any error in the state's brief questioning about Taylor's failure to come forward was harmless.[11]

4. Taylor cites the cases of *Hill v. State*[12] and *Johnson v. State*[13] to support his claim that the trial court erred in allowing the state to introduce evidence that he associated with two individuals who had cocaine convictions. In *Hill* and *Johnson*, prosecutors cross-examined the defendants about their association with others who had drug convictions. This court held that such questioning was improper because it was not relevant to any issues in the cases and it improperly impugned the defendants' character.[14] Unlike the improper questioning in *Hill* and *Johnson*, however, the evidence to which Taylor objects in the instant case was not introduced merely to impugn his character, but was relevant to the central issue in the case of whether Taylor was involved in dealing drugs.[15]

After Taylor put on evidence of his good character and denied involvement with the drugs found in his apartment, the prosecutor cross-examined him about receipts that officers had found in the apartment which show that he had given money to two men who were incarcerated for cocaine distribution convictions. This evidence was relevant to support the state's theory that Taylor was involved in cocaine trafficking and to contradict Taylor's testimony that although he had previously been involved in selling cocaine, he was no longer involved in the drug trade. Even though the evidence may have incidentally impugned his character, it was admissible.[16] The admissibility of evidence is a matter which rests within the trial court's sound discretion,[17] and because the court here did not abuse its discretion in admitting relevant evidence, we find no error.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

---

[11] See *Chapman v. State*, 263 Ga. 393, 394 (1) (435 SE2d 202) (1993).
[12] 176 Ga. App. 509 (336 SE2d 276) (1985).
[13] 202 Ga. App. 590 (415 SE2d 189) (1992).
[14] *Hill*, supra at 510 (3); *Johnson*, supra at 591 (1).
[15] See also *Busbee v. State*, 210 Ga. App. 17, 18 (435 SE2d 60) (1993) (what is forbidden is for the state to introduce in the first instance evidence whose sole probative value is that it shows a defendant's bad character).
[16] See *Scott v. State*, 207 Ga. App. 196, 204 (2) (427 SE2d 537) (1993) (testimony that defendant associated with a woman who sold drugs impugned defendant's character, but was nevertheless admissible because it was relevant to other issues).
[17] *Pardo v. State*, 215 Ga. App. 317, 318 (4) (450 SE2d 440) (1994).

DECIDED FEBRUARY 19, 2002 —
RECONSIDERATION DENIED MARCH 8, 2002 — 

*Winn, Price & Winn, Frank C. Winn*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.